■ In the Matter of TREF REALTY CORP., Appellant, v CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel Philip Michael, Commissioner of Finance of the City of New York, to vacate any action by which the City of New York acquired title to property known as 520 Crown Street in the County of Kings, the petitioner appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered July 1, 1986, which denied the petition.

Ordered that the judgment is affirmed, with costs.

On November 9, 1981, the petitioner obtained an assignment of a mortgage upon the subject property and recorded it on December 4, 1981. Approximately five months before, on May 27, 1981, the City of New York instituted an in rem tax foreclosure proceeding against the subject property. The city's tax foreclosure proceeding ultimately led to a judgment under which the city obtained title on July 28, 1983. The petitioner

—who instituted a mortgage foreclosure action on or about June 13, 1983—alleges that the notice procedures followed by the city with respect to the institution and maintenance of the tax foreclosure proceedings are constitutionally defective (see, *Mennonite Bd. of Missions v Adams,* 462 US 791). We disagree.

The petitioner did not have any interest in the property at the time the tax foreclosure proceeding was instituted. The tax foreclosure proceeding was commenced by the filing of lists of delinquent taxes, which also serve as the equivalent of notices of pendency. The petitioner did not obtain its interest until five months after the foreclosure proceeding had been instituted. Thus, the petitioner was bound by the outcome of the tax foreclosure proceeding (see, CPLR 6501).

Secondly, the notice procedures followed by the city (notice by publication and also by mail to those who filed registration cards to obtain mail notice) did not violate constitutional procedural due process requirements (see, *Matter of Tax Foreclosure No. 35,* 127 AD2d 220, *appeal dismissed* 70 NY2d 694, *lv granted* 2d Dept, Oct. 13, 1987; *cf., Matter of Foreclosure of Tax Liens by County of Erie [Manufacturers & Traders Trust Co.],* 103 AD2d 636).

The decision of the Appellate Division, First Department, in *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities* (133 AD2d 30, *affd* 70 NY2d 831), is distinguishable from this case. The essential facts in *Alliance* were that in June 1980 the Long Island Savings Bank, the assignor of Alliance Property Management and Development, Inc. (hereinafter Alliance), commenced a mortgage foreclosure action against the subject property located in The Bronx. The city, named as a party defendant, served a notice of appearance and waiver. Thereafter, the bank assigned its interest to Alliance, which was substituted as party plaintiff in the action. On April 28, 1982, the city commenced an in rem tax foreclosure proceeding against more than 5,000 parcels of real property in The Bronx, including the subject property. Although the mortgage foreclosure action in which the city was a party was still pending, the city gave Alliance no notice that it had commenced an in rem tax foreclosure proceeding. A judgment of foreclosure and sale was entered in Alliance's favor on January 17, 1983, and the city did not appeal from that judgment. On July 10, 1984, a default judgment was entered in the tax foreclosure proceeding, and the New York City Commissioner of Finance then issued a deed conveying title to the property to the city. In early 1986 Alliance, still unaware of the tax

foreclosure, began proceedings to sell the property through a court-appointed Referee by publishing the required notice of foreclosure. Several months later, in August 1986 the city notified the Referee and Alliance's counsel of the in rem tax foreclosure and the transfer of title to the city which had, allegedly, extinguished Alliance's mortgage lien.

The city moved to vacate Alliance's judgment of foreclosure and sale entered January 17, 1983, to dismiss the complaint and to vacate Alliance's notice of pendency. In upholding denial of the city's motion, the First Department observed that the Appellate Division, Fourth Department, and the Appellate Division, Second Department, have reached different conclusions as to the constitutionality of the procedures for notifying interested parties of pending in rem tax foreclosure proceedings. The First Department noted: "the Second Department recently upheld New York's in rem notice provision as a reasonable balance between the State's interest in collecting taxes, without the costly and time-consuming burden of conducting a title search to identify parties with an interest in the delinquent parcel, and the property rights of those parties *(Matter of Tax Foreclosure No. 35,* 127 AD2d 220 \* \* \*)" *(Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities, supra,* at 32).

However, the First Department distinguished the *Alliance,* case: "In this case, however, we find no such countervailing governmental interest. While a governmental body is not required to undertake 'extraordinary efforts to discover the identity and whereabouts of a mortgagee' *(Mennonite Bd. of Missions v Adams, supra,* at 798, n 4), no extraordinary efforts were required here to identify respondent. Appellant [the city] had actual notice of respondent's [Alliance's] interest, identity and whereabouts, because it was a party to respondent's mortgage foreclosure action. Where a property owner's identity and whereabouts are readily ascertainable, notice by publication is not sufficient" *(Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities, supra,* at 32).

On November 17, 1987, the Court of Appeals affirmed, solely on procedural grounds, concluding that the Appellate Division, First Department, had the power to award the relief it did, and passed on no other issue *(see, Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831, *supra).* In the *Alliance* case, the mortgage foreclosure action was brought nearly two years *before* the city's in rem proceeding was instituted. At bar, the petitioner purchased its mortgage interest more than five months after the city had instituted its in

rem proceeding, and the petitioner's mortgage foreclosure action was not instituted until on or about June 13, 1983—more than two years after the city had commenced its in rem tax foreclosure proceeding. In any event, even were the *Alliance* case not distinguishable on the facts, we would adhere to our holding in *Matter of Tax Foreclosure No. 35 (supra; see also, Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 133 AD2d 30, 33, *supra* [Sandler, J., dissenting]).

In *Matter of McCann v Scaduto* (71 NY2d 164), the Court of Appeals declared that the former real estate collection enforcement provisions of the Nassau County Administrative Code were unconstitutional in that actual notice of tax lien sales was required. The court in *Matter of McCann* did not address the constitutionality of the in rem tax foreclosure procedures analyzed in *Matter of Tax Foreclosure No. 35 (supra)* by which property owners and other persons having an interest in realty who file registration cards are entitled to obtain notice by mail. Therefore, *Matter of McCann v Scaduto (supra)* is not dispositive of that issue.

The petitioner also claims that the judgment appealed from overruled a Justice of coordinate jurisdiction (Kramer, J.) who had made earlier decisions which the petitioner contends established the law of the case. The petitioner further asserts that this proceeding should have been referred to Justice Kramer pursuant to CPLR 2221. We find no merit to these contentions, however, because the decisions of Justice Kramer were made or deemed made on preliminary preanswer papers prior to the interposition of the city's present formal answer and, thus, before the proceeding was ripe for proper review. Moreover, the doctrine of law of the case applies only as between courts of coordinate jurisdiction *(Daniec v Synthes Ltd.,* 110 AD2d 675), Thus, the determinations of Justice Kramer do not bind this court in determining the instant appeal. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.