■ BELLE SOLOMON et al., Respondents, v CITY OF NEW YORK et al., Appellants.—In an action for a judgment declaring that the plaintiffs are legal record owners of Lot 51 of Block 16057 in the County of Queens, and that a deed dated July 7, 1987 to the City of New York, is void, the defendants appeal from an order of the Supreme Court, Queens County (Corrado, J.), dated July 5, 1989, which granted the plaintiffs' motion for a preliminary injunction enjoining the defendants from conveying the property pending a final determination of this action, and which denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and it is declared that the deed dated July 7, 1987, is valid and the plaintiffs are not record owners of Lot 51 of Block 16057 in the County of Queens.

On February 28, 1986, the City commenced an in rem tax lien forclosure action pursuant to the Administrative Code of

the City of New York § 11-405 (d) by filing lists of lots with tax liens on them in the Office of County Clerk, Queens County. The action related to real estate parcels for which real estate taxes had not been paid for one or more years, and included Lot 51 of Block 16057.

Thereafter, also in 1986, the City, as assignee of a mortgage, instituted a mortgage foreclosure action against Lots 1, 36, 38, 40, 45, 46 and 51 of Block 16057. A judgment of foreclosure and sale was entered in October 1986, and the plaintiffs purchased those lots at a foreclosure sale on December 17, 1986, for $93,500. Out of that sum, the Referee paid delinquent taxes on the property in the amount of $10,825.52, but the delinquent taxes owing on Lot 51, which amounted to $533.21, were not paid. The plaintiffs acquired title to all of those lots by Referee's deed dated April 1, 1987. On July 7, 1987, the City took title to Lot 51 by deed pursuant to a judgment entered in its tax foreclosure action commenced in February 1986.

The plaintiffs instituted the instant action for a judgment declaring them the legal record owners of Lot 51 of Block 16057, and moved for a preliminary injunction. The defendants cross-moved for summary judgment. The Supreme Court granted the plaintiffs' motion for preliminary injunction pending final determination of the action, and denied the cross motion. We reverse.

The notice procedures followed by the City did not violate constitutional due process requirements (see, Matter of Tax Foreclosure No. 35, 127 AD2d 220, affd 71 NY2d 863; cf., Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities, 133 AD2d 30, affd 70 NY2d 831). The City of New York duly complied with the notice requirements set forth in Administrative Code of the City of New York § 11-416 (a), which provides, in pertinent part: "The commissioner of finance shall maintain a file of owner's registration cards submitted by owners of real property. Each such owner's registration card shall be signed by the owner or a duly authorized representative and shall state the date on which it was filed, the owner's full name and post office address and a description of the premises by reference to the section, block, and lot numbers on the tax map". The plaintiffs never received notice pursuant to Administrative Code § 11-416 (a). However, they could not have received such notice since they never filed an owner registration card with the Commissioner of Finance of the City of New York, and, in any event, did not have an interest in the property at the time the City commenced the tax foreclosure proceeding.

Moreover, at the time they were deeded the property on April 1, 1987, they had constructive notice of the pending tax forclosure proceeding, because the filing of the lists of properties delinquent in taxes with the County Clerk, Queens County, served as notices of pendency *(see, Matter of Tref Realty Corp. v City of New York,* 135 AD2d 862). *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities (supra)* is distinguishable from the instant case because in that case the mortgage foreclosure action was brought nearly two years before the in rem tax foreclosure proceeding was instituted.

In light of the foregoing, the plaintiffs were bound by the outcome of the tax foreclosure proceeding instituted by the City *(Matter of Tref Realty Corp. v City of New York, supra; see also,* CPLR 6501).

We have examined the remaining contentions on appeal and find them to be without merit. Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.