[958 NE2d 88, 934 NYS2d 54]

NEW YORK AND PRESBYTERIAN HOSPITAL, as Assignee of Joaquin Benitez, Respondent, v COUNTRY-WIDE INSURANCE COMPANY, Appellant.

Argued September 6, 2011; decided October 13, 2011

### POINTS OF COUNSEL

*Thomas Torto*, New York City, and *Jaffe & Koumourdas, LLP* for appellant. A proof of claim which is given beyond the 30-day period immediately after the accident cannot serve as a timely notice of accident under 11 NYCRR 65-1.1. (*New York & Presbyt. Hosp. v American Tr. Ins. Co.*, 45 AD3d 822; *St. Vincent's Hosp. & Med. Ctr. v Country Wide Ins. Co.*, 24 AD3d 748; *Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 NY3d 312; *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274.)

*Joseph Henig, P.C.*, Bellmore (*Joseph Henig* and *Gregory Henig* of counsel), for respondent. Defendant's reason for the denial of claim was incorrect as a matter of law, as the form NF-5 was submitted timely and served as both the "proof of claim" and the "notice of claim." (*Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564; *Todaro v GEICO Gen. Ins. Co.*, 46 AD3d 1086; *Matter of John Paterno, Inc. v Curiale*, 88 NY2d 328; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219.)

### OPINION OF THE COURT

JONES, J.

The question before the Court is whether a health care services provider, as assignee of a person injured in a motor vehicle accident, can recover no-fault benefits by timely submitting the

required proof of claim after the 30-day period for providing written notice of the accident has expired. We hold it cannot.

On July 19, 2008, Joaquin Benitez was injured in a traffic accident which took place in Manhattan, and treated at New York and Presbyterian Hospital (Presbyterian) from that date through July 26, 2008. On the date of Benitez's discharge, he and Presbyterian executed an assignment of no-fault benefits form under which he assigned to Presbyterian "all rights[,] privileges and remedies to payment for health care services provided by [Presbyterian] to which [Benitez is] entitled under Article 51 (the No-Fault statute) of the Insurance Law." Benitez and Presbyterian also executed a completed NYS Form NF-5 (i.e., a hospital facility form). Neither Benitez nor Presbyterian provided the required written notice of accident to his no-fault insurer, Country-Wide Insurance Company (Country-Wide), within 30 days of the accident as required by the New York insurance regulations (11 NYCRR 65-1.1).

On August 25, 2008, Presbyterian, as assignee of Benitez, billed Country-Wide (i.e., sought no-fault benefits) for the sum of $48,697.63. In billing Country-Wide, Presbyterian submitted a number of documents, including the required proof of claim (the NF-5 form). Country-Wide received the bill and other documents on August 28, 2008, 40 days after the accident. Country-Wide denied Presbyterian's claim on the ground it had not received timely notice of the accident under 11 NYCRR 65-1.1 (d), which requires an "eligible insured person" to give written notice to the insurer "in no event more than 30 days after the date of the accident."

Presbyterian brought this action against Country-Wide to compel payment of no-fault benefits in the amount of its bill, plus statutory interest and attorney's fees, alleging it had provided timely notice and proof of claim under 11 NYCRR 65-1.1, which requires an insured person's assignee to submit written proof of claim no later than 45 days after the date health care services are rendered. Presbyterian and Country-Wide each moved for summary judgment.

Supreme Court granted Presbyterian summary judgment, ruling that the hospital satisfied its notice obligation by timely submitting the proof of claim (*Wyckoff Hgts. Med. Ctr. v Country Wide Ins. Co.*, 2009 NY Slip Op 33263[U] [2009]). Citing 11 NYCRR 65-3.3 (d), the Appellate Division affirmed (71 AD3d 1009 [2d Dept 2010]), stating, "[c]ontrary to the insurer's contention, the hospital's submission of a completed hospital

facility form . . . within 45 days after services were rendered satisfied the written notice requirement set forth in 11 NYCRR 65-1.1" (*id.* at 1010). This Court granted Country-Wide leave to appeal and we now reverse.

Country-Wide argues that the Appellate Division decision eviscerates the 30-day written notice of accident requirement and that the aforementioned regulations do not contain any language which provides that submission of a proof of claim for health care services within 45 days excuses the failure to give the threshold notice of accident within 30 days of the accident. In response, Presbyterian construes the stated no-fault regulations as exempting health care providers from the 30-day notice of accident requirement. In Presbyterian's view, its filing of the hospital facility form within 45 days of the date services were rendered constitutes both "proof of claim" and timely "notice of accident." For the reasons that follow, we agree with Country-Wide's position.

The primary goals of New York's no-fault automobile insurance system are "to ensure prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists" (*Matter of Medical Socy. of State of N.Y. v Serio*, 100 NY2d 854, 860 [2003]). In furtherance of these objectives, "the Superintendent of Insurance has adopted regulations implementing the No-Fault Law (Insurance Law art 51), including *circumscribed time frames for claim procedures*" (*Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 NY3d 312, 317 [2007] [emphasis added]).

11 NYCRR 65-1.1 (d), the mandatory personal injury protection endorsement for motor vehicle liability insurance policies, provides:

"*Conditions*

"*Action Against [Insurance] Company*. No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage.

"*Notice. In the event of an accident, written notice* setting forth details sufficient to identify the eligible injured person, along with reasonably obtainable information regarding the time, place and circumstances of the accident, *shall be given by, or on*

*behalf of, each eligible injured person, to the Company, or any of the Company's authorized agents, as soon as reasonably practicable, but in no event more than 30 days after the date of the accident . . .*

*"Proof of Claim; Medical, Work Loss, and Other Necessary Expenses. In the case of a claim for health service expenses, the eligible injured person or that person's assignee or representative [e.g., a health care services provider] shall submit written proof of claim to the Company,* including full particulars of the nature and extent of the injuries and treatment received and contemplated, *as soon as reasonably practicable but, in no event later than 45 days after the date services are rendered"* (emphasis added).

In addition, 11 NYCRR 65-3.3 (d) states:

*"The written notice required by . . . the mandatory and additional personal injury protection endorsement(s) shall be deemed to be satisfied* by the insurer's receipt of a completed prescribed application for motor vehicle no-fault benefits (NYS Form N-F 2) forwarded to the applicant pursuant to subdivision 65-3.4(b) of this subpart or *by the insurer's receipt of a completed hospital facility form (NYS Form N-F 5)"* (emphasis added).

The "notice of accident" and "proof of claim" under 11 NYCRR 65-1.1 are independent conditions precedent to a no-fault insurer's liability (*see Hospital for Joint Diseases*, 9 NY3d at 317 ["These regulations require an accident victim to submit a notice of claim to the insurer as soon as practicable and no later than 30 days after an accident. *Next*, the injured party or the assignee (typically a hospital . . .) must submit proof of claim for medical treatment no later than 45 days after services are rendered" (emphasis added and citations omitted)]). By ruling that the notice of accident condition was satisfied based on the plain language of 11 NYCRR 65-3.3 (d), the Appellate Division disregarded the separate and distinct nature and purpose of these requirements. Even more troubling, such a construction effectively reads the 30-day written notice of accident requirement out of the no-fault regulations. But nothing in 11 NYCRR 65-3.3 (d) explicitly dispenses with the 30-day notice of accident requirement. Rather, 11 NYCRR 65-3.3 (d) merely provides that a NF-5 form may constitute the written notice required under the notice of accident provision.

In other words, these regulations (read alone or in tandem) cannot be interpreted to mean that a hospital/assignee's timely submission of a proof of claim for health services within 45 days of discharge of the injured person excuses the insured/assignor's failure to give the threshold notice of accident within 30 days of the accident, or that health care service providers are exempt from the written 30-day notice of accident requirement. Neither 11 NYCRR 65-1.1 nor 11 NYCRR 65-3.3 (d) contains such language. That is, while 11 NYCRR 65-3.3 (d) allows a completed hospital facility form to satisfy the written notice of accident requirement, the regulation does not provide (or suggest) that a "proof of claim" in that form filed within 45 days of treatment satisfies the 30-day notice of accident requirement where, as here, the form was submitted to Country-Wide *after* the 30-day period has expired.

Although the Department of Insurance has not issued any interpretive statements or opinions regarding the subject regulations, our case law provides some guidance as to the importance of the "notice of accident" and "proof of claim" requirements to the no-fault regulatory scheme. In *Serio*, the Court explained that in 2001, the Superintendent of Insurance, in response to an alarming increase in insurance fraud over the preceding nine years, amended these regulations (*see* 100 NY2d at 861-863). Specifically, the notice of accident requirement was reduced from 90 days to 30 days, and the time to provide proof of claim was reduced from 180 days to 45 days (*id.* at 860, 862) in order to, among other things, prevent the fraud and abuse the Superintendent linked to the lengthy time frames (*id.* at 862)—for example, there were numerous cases where individuals were "exploiting the time lag between the alleged loss and the deadline for submitting proof of the loss, coupled with the reality that insurers are given only 30 days to review and investigate claims before paying them without risk of penalties for denying or delaying a claim" (*id.* at 861). Thus, it is clear that the Superintendent of Insurance—the official responsible for administering the Insurance Law and promulgating the insurance regulations—viewed *both* the "notice of accident" and "proof of claim" as integral requirements/time periods that further the goals of the no-fault system. Moreover, Presbyterian's interpretation of 11 NYCRR 65-3.3 (d) would undercut the anti-fraud purpose of the, reduced time periods, particularly in cases where treatment does not occur until months or years after the accident.

Based on the foregoing, the proper construction of the subject regulations is that an NF-5 form (or other form that can serve as proof of claim) may constitute timely notice of an accident, as permitted by 11 NYCRR 65-3.3 (d), only if such proof of claim is given within the 30-day period prescribed by 11 NYCRR 65-1.1. Any other construction is unwarranted and would undermine the importance of the 30-day time period to the no-fault system.

Presbyterian nevertheless argues that interpreting 11 NYCRR 65-3.3 (d) in Country-Wide's favor "would severely impact the hospital's ability to submit a timely bill" in cases where the insurer is not readily identifiable. But the Superintendent has addressed these concerns. The regulations allow late notices of accident if there is "written proof providing clear and reasonable justification for the failure to comply with such time limitation" (11 NYCRR 65-1.1 [d]).* Indeed, the regulations specifically direct carriers to consider whether the injured person was a pedestrian or an occupant of a vehicle who may have difficulty identifying the proper carrier in assessing untimely notices of accident:

> "The insurer shall establish standards for review of its determinations that applicants have provided late notice of claim or late proof of claim. In the case of notice of claim, such standards shall include, but not be limited to, appropriate consideration for pedestrians and non-related occupants of motor vehicles who may have difficulty ascertaining the identity of the insurer" (11 NYCRR 65-3.5 [l]).

Finally, as an assignee of all the rights, privileges and remedies to which Benitez was entitled under the No-Fault Law, Presbyterian stood in the shoes of Benitez and acquired no greater rights than he had (see Matter of International Ribbon Mills [Arjan Ribbons], 36 NY2d 121, 126 [1975] [Chief Judge Breitel wrote, "(i)t is elementary ancient law that an assignee never stands in any better position than his assignor"]). Here, because no written notice of accident was given, there was a failure to fully comply with the terms of the no-fault policy,

---

* See also 11 NYCRR 65-3.3 (e), which provides:
"When an insurer denies a claim based upon the failure to provide timely written notice of claim or timely submission of proof of claim by the applicant, such denial must advise the applicant that late notice will be excused where the applicant can provide reasonable justification of the failure to give timely notice."

which is a condition precedent to insurer liability. As a result, the assignment effectively became worthless (i.e., Benitez assigned nothing to Presbyterian)—you cannot assign your right to benefits if your right to those benefits has not been triggered, or if you had no right to those benefits in the first place.

For the foregoing reasons, the submission of the proof of claim within 45 days of the date health care services are rendered may not serve as timely written notice of accident after the 30-day period for providing such written notice has expired.

Accordingly, the order of the Appellate Division should be reversed, with costs, defendant's motion for summary judgment granted and the complaint dismissed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order reversed, etc.