# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**426**

**CA 11-01854**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

U.S. BANK NATIONAL ASSOCIATION,
SUCCESSOR-IN-INTEREST TO WACHOVIA BANK, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE FOR THE
REGISTERED HOLDERS OF AEGIS ASSET BACKED
SECURITIES TRUST 2004-6, MORTGAGE BACKED NOTES,
PLAINTIFF-APPELLANT-RESPONDENT,

                        V                          MEMORANDUM AND ORDER

FRANK D. DENISCO, ET AL., DEFENDANTS,
WILLIAM E. STRUBLE,
DEFENDANT-RESPONDENT-APPELLANT,
AND CITY OF BUFFALO, DEFENDANT-RESPONDENT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (MARCO
CERCONE OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

MICHAEL J. HUGHES, AMHERST, FOR DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Michael L. D'Amico, A.J.), entered November 19, 2010. The order, inter alia, denied the cross motion of plaintiff and the motion of defendant William E. Struble for summary judgment.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Defendants Frank D. Denisco and Cheryl A. Denisco obtained a loan from Aegis Lending Corporation (Aegis), which was secured by a mortgage against their property at 108 Duerstein Street in defendant City of Buffalo (City). Mortgage Electronic Registration Systems, Inc. (MERS), acting as a nominee for Aegis, was the mortgagee of record. On February 19, 2008, the City filed a list of delinquent taxes, including taxes owed on the Deniscos' property, with the Erie County Clerk's Office.

Thereafter, MERS assigned the mortgage to Wachovia Bank, N.A. (Wachovia), and plaintiff is the successor in interest to Wachovia. When the Deniscos subsequently defaulted on their loan, plaintiff commenced foreclosure proceedings. Shortly thereafter, the City filed a petition and notice of foreclosure with respect to the property and, although the City mailed a copy thereof to the Deniscos, it is undisputed that no notice was mailed to Aegis, MERS, Wachovia or plaintiff.

Upon obtaining a tax foreclosure judgment, the City sold the property to defendant William E. Struble at a public auction. Plaintiff thereafter commenced this action seeking to set aside the tax foreclosure judgment and tax sale and to provide plaintiff with a reasonable opportunity to redeem the property. Plaintiff alleged, inter alia, that the City had a constitutional and statutory obligation to provide plaintiff with notice of the tax foreclosure proceedings (*see Mennonite Bd. of Missions v Adams*, 462 US 791, 798-800; *see also* RPTL 1125 [1] [a]). The City moved to dismiss the complaint against it pursuant to CPLR 3211 (a) (7), and Struble moved for summary judgment dismissing the complaint against him. Both the City and Struble contended that, because plaintiff was not a record lien holder "as of the date the list of delinquent taxes was filed," plaintiff was not entitled to notice of the tax foreclosure proceedings (RPTL 1125 [1] [a] [i]). Plaintiff opposed the motions and submitted an amended complaint that it anticipated would be served prior to the return date of the motions adding an allegation that, because Aegis, by virtue of its recorded mortgage, held a protected interest in the property at the time of the filing of the list of delinquent taxes, Aegis was entitled to notice pursuant to RPTL 1125 (1) (a) (i). Inasmuch as the City failed to provide Aegis with the requisite notice, plaintiff contended that the tax foreclosure judgment should be vacated. Plaintiff subsequently cross-moved for summary judgment on the amended complaint on that ground. Supreme Court denied the motions and cross motion. Plaintiff appeals, and Struble cross-appeals. We now affirm.

We reject plaintiff's contention that it was entitled to personal notice of the tax foreclosure proceedings. It is undisputed that plaintiff did not have a protected interest in the property "as of the date the list of delinquent taxes was filed" (RPTL 1125 [1] [a] [i]; *see e.g. Solomon v City of New York*, 171 AD2d 739, 740; *Matter of Tref Realty Corp. v City of New York*, 135 AD2d 862, 863, *appeal dismissed* 72 NY2d 833). We agree with plaintiff, however, that Aegis was entitled to such notice inasmuch as Aegis, through MERS, had a protected interest in the property. It is undisputed that Aegis did not receive such notice and we therefore conclude that, were Aegis a party to this action, it would have grounds to set aside the tax foreclosure judgment and tax sale (*see e.g. Love v County of Orange*, 90 AD3d 619, 620-621; *Meadow Farm Realty Corp. v Pekich*, 251 AD2d 634, 635-636, *appeal dismissed* 92 NY2d 946, *lv denied* 93 NY2d 802; *Matter of County of Erie [Virella-Castro]*, 225 AD2d 1089, 1090, *appeal dismissed* 88 NY2d 932, *lv dismissed* 88 NY2d 1062, *rearg denied* 89 NY2d 917).

We further agree with plaintiff that, as an assignee of Aegis, plaintiff may assert the lack of notice to Aegis as a ground for setting aside the tax foreclosure judgment and tax sale. It is well settled that "an assignee steps into the shoes of its assignor" (*Federal Fin. Co. v Levine*, 248 AD2d 25, 28; *see New York & Presbyt. Hosp. v Country-Wide Ins. Co.*, 17 NY3d 586, 592) and "may pursue the same remedies as would have been available to the assignor" (*Beltway Capital, LLC v Soleil*, 25 Misc 3d 1233[A], 2009 NY Slip Op 52403[U], *3; *see generally New York & Presbyt. Hosp.*, 17 NY3d at 592-593).

Thus, where as here, the assignor was not provided the requisite notice and thus "was not aware of and could not" pursue its legal remedies (*Beltway Capital, LLC*, 2009 NY Slip Op 52403[U], *3), the assignee may assert the lack of notice to the assignor as a ground to vacate the tax foreclosure judgment and to set aside the subsequent tax sale.

The dissent relies on *Solomon* (171 AD2d at 740-741) and *Tref Realty Corp.* (135 AD2d at 863) for the proposition that assignees and transferees are bound by the outcome of previously-instituted tax foreclosure proceedings. We note, however, that in both *Solomon* and *Tref Realty Corp.* the original notices complied with RPTL 1125 (1) (a). Thus, the assignor in those cases did not have any grounds to vacate the tax foreclosure judgment and to set aside the subsequent tax sale. Here, the underlying proceeding was flawed and plaintiff, as the assignee, may assert any grounds that could have been asserted by Aegis.

We conclude, however, that plaintiff is not entitled to summary judgment on the amended complaint because Struble raised triable issues of fact concerning plaintiff's succession to title to the mortgage, various equitable defenses and whether plaintiff acquired actual notice of the tax foreclosure proceeding in sufficient time to redeem the property (*see e.g. Matter of ISCA Enters. v City of New York*, 77 NY2d 688, 697, *rearg denied* 78 NY2d 952, *cert denied* 503 US 906; *Sendel v Diskin*, 277 AD2d 757, 759, *lv denied* 96 NY2d 707).

All concur except FAHEY and PERADOTTO, JJ., who dissent in part and vote to modify in accordance with the following Memorandum: We respectfully dissent in part because, contrary to the conclusion of the majority, we conclude that Supreme Court erred in denying the motion of defendant William E. Struble, an innocent purchaser, for summary judgment dismissing the amended complaint against him.

As noted by the majority, defendants Frank D. Denisco and Cheryl A. Denisco obtained a loan from Aegis Lending Corporation (Aegis), which was secured by their property at 108 Duerstein Street (hereafter, property). On February 19, 2008, defendant City of Buffalo (City) filed a list of delinquent taxes with the Erie County Clerk's Office, which included the property. Thereafter, Mortgage Electronic Registration Systems, Inc., acting as a nominee for Aegis, assigned the mortgage to Wachovia Bank, N.A. (Wachovia). The Deniscos defaulted on the mortgage and plaintiff, as the alleged successor in interest to Wachovia, commenced foreclosure proceedings by notice of pendency filed April 4, 2008.

Approximately one month later, the City filed a petition and notice of foreclosure with respect to the property. On May 20, 2008, the City mailed a copy of the petition and notice of foreclosure to affected property owners and any other persons "whose right, title or interest was a matter of public record as of **February 19, 2008**," the date of the list of delinquent taxes. The City did not provide notice of the foreclosure proceeding to Aegis, the mortgagee of record with respect to the property on that date. In September 2008, the City

obtained a tax foreclosure judgment and, in October 2008, it sold the property at public auction to Struble.

Approximately one year after the deed from the City to Struble was recorded, plaintiff commenced this action seeking to set aside the tax foreclosure judgment and tax sale, and to provide plaintiff with the opportunity to redeem the property. Plaintiff alleged, inter alia, that the City had a constitutional and statutory obligation to provide it with notice of the foreclosure proceeding. The City moved to dismiss the complaint against it, and Struble moved for summary judgment dismissing the complaint against him. Both the City and Struble contended that plaintiff was not entitled to notice of the tax foreclosure proceeding because it was not a record lien holder "as of the date the list of delinquent taxes was filed" (RPTL 1125 [1] [a]). Plaintiff thereafter filed an amended complaint and cross-moved for summary judgment on the amended complaint. Supreme Court denied the motions and cross motion. Plaintiff appeals, and Struble cross-appeals.

We agree with the majority that plaintiff was not entitled to personal notice of the tax foreclosure proceeding because plaintiff did not have a protected interest in the property "as of the date the list of delinquent taxes was filed" (*id.; see Maple Tree Homes, Inc. v County of Sullivan*, 17 AD3d 965, 966, *appeal dismissed* 5 NY3d 782). At the time the City filed the list of delinquent taxes in February 2008, Aegis was the mortgagee of record. It is undisputed that the mortgage was not assigned to Wachovia, plaintiff's asserted predecessor in interest, until March 24, 2008, and that the mortgage assignment was not recorded until July 2008, some four months after the filing of the list of delinquent taxes. Thus, at the time the list of delinquent taxes was filed, plaintiff had no legal interest in the property and no right to notice of the commencement of foreclosure proceedings pursuant to RPTL 1125 (1) (a) (*see Solomon v City of New York*, 171 AD2d 739, 740; *Matter of Tref Realty Corp. v City of New York*, 135 AD2d 862, 863, *appeal dismissed* 72 NY2d 833).

We cannot agree with the majority, however, that plaintiff is entitled to assert the rights of Aegis as an alleged successor in interest to Wachovia, the assignee of Aegis, as a ground for setting aside the tax foreclosure judgment and tax sale. While plaintiff correctly recites the "common-law principle that an assignee steps into the shoes of its assignor" (*Federal Fin. Co. v Levine*, 248 AD2d 25, 28; *see Matter of Stralem*, 303 AD2d 120, 123), it is equally well settled that an assignee of an interest is bound by the outcome of a previously-instituted tax foreclosure proceeding (*see Solomon*, 171 AD2d at 741; *Tref Realty Corp.*, 135 AD2d at 863).

RPTL 1122 (7) provides that the filing of the list of delinquent taxes "shall constitute and have the same force and effect as the filing and recording . . . of an individual and separate notice of pendency pursuant to [CPLR article 65] with respect to each parcel involved in such list . . ." CPLR 6501, in turn, provides that a notice of pendency constitutes "constructive notice, from the time of filing of the notice only, to a purchaser from, or incumbrancer

against, any defendant named in a notice of pendency . . . *A person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as a party*" (emphasis added).  Here, the notice of pendency was filed before Aegis assigned its interest in the mortgage to Wachovia, and thus both Wachovia and, by extension, plaintiff are bound by the foreclosure proceeding (*see generally* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 6501, at 462 ["(T)he filing of a notice of pendency prevents a potential transferee or mortgagee of the property from acquiring the status of innocent purchaser for value while the action is pending"]).

We further note that plaintiff had several remedies available to it prior to entry of the judgment of foreclosure and the ensuing tax sale.  First, upon obtaining an interest in the property, Wachovia and/or plaintiff could have filed a declaration of interest pursuant to RPTL 1126 (1), which provides that "[a]ny mortgagee, lienor, lessee or other person having a legally protected interest in real property who wishes to receive copies of the notices required by this article may file with the enforcing officer a declaration of interest on a form prescribed by the commissioner."  Second, plaintiff filed its own notice of pendency to foreclose the mortgage in April 2008.  In connection therewith, plaintiff in all likelihood performed a title search, which would have revealed the earlier-filed notice of pendency by the City.  Plaintiff then could have redeemed the property several months prior to the entry of the tax foreclosure judgment and the tax sale (*see* RPTL 1122 [9]).

Because plaintiff was not entitled to notice of the tax foreclosure proceedings, the court properly denied plaintiff's cross motion for summary judgment seeking to vacate the tax foreclosure judgment and to set aside the tax sale based upon lack of notice (*see generally Tref Realty Corp.*, 135 AD2d at 863).  For the same reason, however, we conclude that Struble is entitled to summary judgment dismissing the amended complaint against him inasmuch as there is no basis to set aside the City's deed to Struble (*see generally Solomon*, 171 AD2d at 741).  We would therefore modify the order accordingly.

Entered:  June 29, 2012                    Frances E. Cafarell
                                           Clerk of the Court