Appeal and cross appeal from an order of the Supreme Court, Erie County (Michael L. D’Amico, A.J.), entered November 19, 2010. The order, inter alia, denied the cross motion of plaintiff and the motion of defendant William E. Struble for summary judgment.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Defendants Frank D. Denisco and Cheryl A. Denisco obtained a loan from Aegis Lending Corporation (Aegis), which was secured by a mortgage against their property at 108 Duerstein Street in defendant City of Buffalo (City). Mortgage Electronic Registration Systems, Inc. (MERS), acting as a nominee for Aegis, was the mortgagee of record. On February 19, 2008, the City filed a list of delinquent taxes, including taxes owed on the Deniscos’ property, with the Erie County Clerk’s Office.
Thereafter, MERS assigned the mortgage to Wachovia Bank, N.A. (Wachovia), and plaintiff is the successor in interest to Wachovia. When the Deniscos subsequently defaulted on their loan, plaintiff commenced foreclosure proceedings. Shortly thereafter, the City filed a petition and notice of foreclosure with respect to the property and, although the City mailed a copy thereof to the Deniscos, it is undisputed that no notice was mailed to Aegis, MERS, Wachovia or plaintiff.
Upon obtaining a tax foreclosure judgment, the City sold the property to defendant William E. Struble at a public auction. Plaintiff thereafter commenced this action seeking to set aside the tax foreclosure judgment and tax sale and to provide plaintiff with a reasonable opportunity to redeem the property. Plaintiff alleged, inter alia, that the City had a constitutional and statutory obligation to provide plaintiff with notice of the tax foreclosure proceedings (see Mennonite Bd. of Missions v Adams, 462 US 791, 798-800 [1983]; see also RPTL 1125 [1] [a]). The City moved to dismiss the complaint against it pursuant to CPLR 3211 (a) (7), and Struble moved for summary judgment dismissing the complaint against him. Both the City and Struble contended that, because plaintiff was not a record lien *1661 holder “as of the date the list of delinquent taxes was filed,” plaintiff was not entitled to notice of the tax foreclosure proceedings (RPTL 1125 [1] [a] [i]). Plaintiff opposed the motions and submitted an amended complaint that it anticipated would be served prior to the return date of the motions adding an allegation that, because Aegis, by virtue of its recorded mortgage, held a protected interest in the property at the time of the filing of the list of delinquent taxes, Aegis was entitled to notice pursuant to RPTL 1125 (1) (a) (i). Inasmuch as the City failed to provide Aegis with the requisite notice, plaintiff contended that the tax foreclosure judgment should be vacated. Plaintiff subsequently cross-moved for summary judgment on the amended complaint on that ground. Supreme Court denied the motions and cross motion. Plaintiff appeals, and Struble cross-appeals. We now affirm.
We reject plaintiffs contention that it was entitled to personal notice of the tax foreclosure proceedings. It is undisputed that plaintiff did not have a protected interest in the property “as of the date the list of delinquent taxes was filed” (RPTL 1125 [1] [a] [i]; see e.g. Solomon v City of New York, 171 AD2d 739, 740 [1991]; Matter of Tref Realty Corp. v City of New York, 135 AD2d 862, 863[1987], appeal dismissed 72 NY2d 833 [1988]). We agree with plaintiff, however, that Aegis was entitled to such notice inasmuch as Aegis, through MERS, had a protected interest in the property. It is undisputed that Aegis did not receive such notice and we therefore conclude that, were Aegis a party to this action, it would have grounds to set aside the tax foreclosure judgment and tax sale (see e.g. Love v County of Orange, 90 AD3d 619, 620-621 [2011]; Meadow Farm Realty Corp. v Pekich, 251 AD2d 634, 635-636 [1998], appeal dismissed 92 NY2d 946 [1998], lv denied 93 NY2d 802 [1999]; Matter of County of Erie [Virella—Castro], 225 AD2d 1089, 1090 [1996], appeal dismissed 88 NY2d 932 [1996], lv dismissed 88 NY2d 1062 [1996], rearg denied 89 NY2d 917 [1996]).
We further agree with plaintiff that, as an assignee of Aegis, plaintiff may assert the lack of notice to Aegis as a ground for setting aside the tax foreclosure judgment and tax sale. It is well settled that “an assignee steps into the shoes of its assign- or” (Federal Fin. Co. v Levine, 248 AD2d 25, 28 [1998]; see New York & Presbyt. Hosp. v Country-Wide Ins. Co., 17 NY3d 586, 592 [2011]) and “may pursue the same remedies as would have been available to the assignor” (Beltway Capital, LLC v Soleil, 25 Misc 3d 1233[A], 2009 NY Slip Op 52403[U], *3 [2009]; see generally New York & Presbyt. Hosp., 17 NY3d at 592-593). Thus, where as here, the assignor was not provided the requisite *1662 notice and thus “was not aware of and could not” pursue its legal remedies (Beltway Capital, LLC, 2009 NY Slip Op 52403[U], *3), the assignee may assert the lack of notice to the assignor as a ground to vacate the tax foreclosure judgment and to set aside the subsequent tax sale.
The dissent relies on Solomon (171 AD2d at 740-741) and Tref Realty Corp. (135 AD2d at 863) for the proposition that assignees and transferees are bound by the outcome of previously instituted tax foreclosure proceedings. We note, however, that in both Solomon and Tref Realty Corp. the original notices complied with RPTL 1125 (1) (a). Thus, the assignor in those cases did not have any grounds to vacate the tax foreclosure judgment and to set aside the subsequent tax sale. Here, the underlying proceeding was flawed and plaintiff, as the assignee, may assert any grounds that could have been asserted by Aegis.
We conclude, however, that plaintiff is not entitled to summary judgment on the amended complaint because Struble raised triable issues of fact concerning plaintiffs succession to title to the mortgage, various equitable defenses and whether plaintiff acquired actual notice of the tax foreclosure proceeding in sufficient time to redeem the property (see e.g. Matter of ISCA Enters. v City of New York, 77 NY2d 688, 697 [1991], rearg denied 78 NY2d 952 [1991], cert denied 503 US 906 [1992]; Sendel v Diskin, 277 AD2d 757, 759 [2000], lv denied 96 NY2d 707 [2001]).
All concur except Fahey and Peradotto, JJ., who dissent in part and vote to modify in accordance with the following memorandum.