Matter of Tax Foreclosure Action No. 53 (2023 NY Slip Op 02712)

Matter of Tax Foreclosure Action No. 53

2023 NY Slip Op 02712

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-03481
 (Index No. 8700/15)

[*1]In Rem Tax Foreclosure Action No. 53, etc. City of New York, appellant; et al., defendants; Throop Investors, LLC, intervenor-respondent.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson, Zachary S. Shapiro, and Jonathan Schoepp-Wong of counsel), for appellant.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Lisa Colosi Florio, and Mark Goreczny of counsel), for intervenor-respondent.

DECISION & ORDER
In an action to foreclose tax liens, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated March 29, 2021. The order, insofar as appealed from, granted those branches of the motion of Throop Investors, LLC, which were to vacate so much of a judgment of foreclosure of the same court entered December 14, 2017, as was entered against certain real property, and to vacate a deed dated September 6, 2018, transferring that real property to nonparty Neighborhood Restore Housing Development Fund Corporation.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of Throop Investors, LLC, which were to vacate so much of the judgment of foreclosure entered December 14, 2017, as was entered against certain real property, and to vacate the deed dated September 6, 2018, transferring that real property to nonparty Neighborhood Restore Housing Development Fund Corporation are denied.
In July 2015, the City of New York commenced this action pursuant to Administrative Code of the City of New York § 11-404(a) to foreclose certain tax liens, including a tax lien on one delinquent property located on Throop Avenue in Brooklyn (hereinafter the property). A judgment of foreclosure was entered on December 14, 2017, and a four-month mandatory redemption period expired on April 16, 2018. Thereafter, on May 2, 2018, Throop Investors, LLC (hereinafter Throop), acquired its interest in the property. In January 2020, Throop moved, inter alia, to vacate so much of the judgment of foreclosure as was entered against the property, and to vacate a deed dated September 6, 2018, transferring the property to nonparty Neighborhood Restore Housing Development Fund Corporation (hereinafter Neighborhood Restore). In an order dated March 29, 2021, the Supreme Court, among other things, granted those branches of Throop's motion. The City appeals.
As discussed in an opinion and order on related appeals (see In Rem Tax Foreclosure Action No. 53, _____ AD3d _____ [Appellate Division Docket No. 2019-04473; decided herewith]), the Third Party Transfer Program (hereinafter the TPT program), established by Local Law No. 37 [*2](1996) of City of New York, enables the City's Commissioner of Finance to, under certain circumstances, execute a deed transferring title to tax-delinquent properties directly to third parties designated by the New York City Department of Housing Preservation and Development (hereinafter HPD) (see Administrative Code § 11-412.1[b]). Under the TPT program, a four-month redemption period is applied following the entry of a judgment of foreclosure, during which the owner may redeem the property by paying the tax arrears in full or request an installment agreement to pay the amounts owed to the Commissioner of Finance (see id. § 11-412.1[d]). Once the four-month redemption period has passed, the Commissioner of Finance has the discretion to transfer title to the property, extinguishing the interest of the owner, who "receives nothing for the value of the transferred property in excess of the value of the tax lien" (Dorce v City of New York, 608 F Supp 3d 118, 127 [SD NY]; see Administrative Code §§ 11-412.1[c], 11-428).
Here, Throop's motion was time-barred pursuant to Administrative Code § 11-412.1(h) (see In Rem Tax Foreclosure Action No. 52, 201 AD3d 517, 517; O'Bryan v Stark, 77 AD3d 494, 495). Although Throop did not acquire its interest in the property until after the four-month redemption period had already expired—and therefore could not have taken any action to redeem the property—it was nevertheless bound by what had already transpired (see Solomon v City of New York, 171 AD2d 739, 740-741; Matter of Tref Realty Corp. v City of New York, 135 AD2d 862, 863). Since Throop was effectively bound by the failure of its predecessor in title to take action to redeem the property within the four-month redemption period, we are constrained to determine that there is no basis to address Throop's contention that it was deprived of the property without just compensation.
Furthermore, contrary to Throop's contention, the doctrine of equitable estoppel is inapplicable under the circumstances presented (see Wilson v Neighborhood Restore Hous., 129 AD3d 948, 949).
Accordingly, the Supreme Court should have denied those branches of Throop's motion which were to vacate so much of the judgment of foreclosure as was entered against the property, and to vacate the deed transferring the property to Neighborhood Restore. However, we note that for reasons discussed in the opinion and order on related appeals (see In Rem Tax Foreclosure Action No. 53, _____ AD3d _____), the TPT program has the potential to be applied in a problematic and discriminatory manner.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court