Greenpoint Mtge. Funding, Inc. v Ehrenthal

2026 NY Slip Op 02922

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Greenpoint Mortgage Funding, Inc., Plaintiff-Respondent,

v

Samuel Ehrenthal, Also Known as Samual Ehrenthal, et al., Defendants. EEA Sterling Fund LLC, Nonparty-Appellant.

Decided and Entered: May 12, 2026

Index No. 115170/08|Appeal No. 6570|Case No. 2024-06191|

Before: Renwick, P.J., Friedman, Kapnick, Pitt-Burke, O'Neill Levy, JJ.

Goldberg Weprin Finkel Goldstein LLP, New York (J. Ted Donovan of counsel), for appellant.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury (Phionah Brown of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Francis A. Khan, III, J.), entered October 10, 2024, which denied proposed intervenor defendant-appellant EEA Sterling Fund LLC's motion to intervene and to vacate the judgment of foreclosure and sale, unanimously affirmed, with costs.

Sterling failed to proffer a proposed pleading, which is mandatory on a motion to intervene (see U.S. Bank Trust N.A. v 21647 LLC, 217 AD3d 429, 429 [1st Dept 2023]). Even if a pleading had been provided, Sterling's motion was properly denied as untimely (see Matter of HSBC Bank U.S.A., 135 AD3d 534, 534 [1st Dept 2016]). Sterling obtained an interest in the property approximately seven years ago, at which time it was aware of the action, including that a judgment of foreclosure and sale had been entered on May 10, 2010, yet waited six years to bring the motion.

Moreover, Sterling failed to establish a "real and substantial interest in the action" to warrant intervention as Sterling transferred its interest in the property by deed recorded April 15, 2024 (see JPMorgan Chase Bank, N.A. v Mule, 230 AD3d 1234, 1236 [2d Dept 2024]), and, even if Sterling were permitted to intervene in the foreclosure action, it would step into the shoes of defendant Samuel Ehrenthal, its predecessor in interest, against whom the judgment had been entered upon his default (see e.g. U.S. Bank N.A. v Denisco, 96 AD3d 1659, 1661 [4th Dept 2012]).

We have considered Sterling's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026