■ Condren, Walker & Co., Incorporated, Plaintiff, v Elaine Sommer Portnoy et al., Defendants. Condren, Walker & Co., Incorporated, Respondent, v Robert Wolf et al., Appellants. [856 NYS2d 42]—

Second amended judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), entered March 26, 2007, awarding plaintiff the principal sum of $1,269,734.45 against defendants Wolf and 96-97th Street, LLC, and an identical sum against defendants Chetrit and 96-97th Street, LLC, the total to be satisfied in the aggregate by these defendants, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 24, 2007, which, after a nonjury trial, directed entry of the aforesaid judgment, unanimously dismissed, without costs, as superseded by the appeal from the judgment.

Plaintiff sued the former holders of certain long-term notes for brokerage commissions arising from their acquisition. After the former note holders sold the long-term notes to 96-97th Street in 2001 pursuant to a note purchase agreement, plaintiff amended its complaint to pursue that assignee and its guarantors of obligations under the notes. At the conclusion of a consolidated trial, the court rejected the corporate defendant's position that the fee agreement between plaintiff and the original note holders was extinguished by the assignment of those notes, determining that the obligation to pay the brokerage fees owed to plaintiff extended to whoever owned the long-term notes during their lifetime. Defendants in the second action appeal.

"No particular words are necessary to effect an assignment; it is only required that there be a perfected transaction between the assignor and assignee, intended by those parties to vest in the assignee a present right in the things assigned" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). An assignee stands in the shoes of its assignor, subject to all the equities and burdens attached to the property acquired (*see Matter of International Rib-*

*bon Mills [Arjan Ribbons]*, 36 NY2d 121, 126 [1975]). The original acquisition of the long-term notes was burdened by an obligation to pay a percentage to plaintiff as a brokerage fee. The selling note holders did not purport to assign to 96-97th Street simply the monies payable under the long-term notes, but rather the holders' "right, title and interest in" the notes. The trial court's conclusion that the duty to pay brokerage fees to plaintiff ran with the long-term notes was confirmed by the uncontroverted actions and testimony of signatories of the original fee agreement, as well as the language of the 2001 stock purchase agreement.

We have considered appellants' remaining arguments and find them unavailing. Concur—Lippman, P.J., Tom, Nardelli, Catterson and Moskowitz, JJ.