Judgment, Supreme Court, New York County (O. Peter *478 Sherwood, J.), entered December 22, 2011, dismissing the complaint as against defendant Countrywide Financial Corporation and awarding it costs, unanimously modified, on the law, to vacate the dismissal and replace it with the declaration that plaintiffs do not own participation C free and clear of any right, title or interest of Countrywide therein, and otherwise affirmed, without costs. Order, same court and Justice, entered May 25, 2012, which, inter alia, directed Bank of America to distribute all escrowed funds to Countrywide and to pay Countrywide all funds otherwise payable until the conditions of the subject commercial loan participation agreement have been satisfied, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 9, 2011, which granted Countrywide’s motion to dismiss the complaint as against it, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Pursuant to sections 3 and 39 of the parties’ participation agreement, which are unambiguous, the participation C holder was entitled to the repayment of principal and interest only on the “Participation C Principal Balance,” i.e., “amounts funded by the Participation C Holder,” and only after the funding backstop party — Countrywide — was repaid the “Additional Advances” it made upon the participation C holder’s failure to do so. As assignee of participation C holder nonparty GSRE II, Ltd. (Guggenheim), plaintiff Citigroup was entitled to recover only the principal that Guggenheim funded; its interest in Participation C did not extend to the loan advanced by Countrywide; “[a]n assignee stands in the shoes of its assignor, subject to all the equities and burdens attached to the property acquired” (Condren, Walker & Co., Inc. v Portnoy, 48 AD3d 331, 331-332 [1st Dept 2008]).
Contrary to Citigroup’s contention, the reimbursement agreement and the pledge and security agreement entered into by Guggenheim and Countrywide are irrelevant to sections 3 and 39 of the participation agreement, since those agreements merely granted a security interest in the participation C holder’s interests; they did not affect Countrywide’s interest in the direct, preferential repayment of all backstop funding by operation of sections 3 and 39 of the participation agreement.
Nor does the UCC contain any provision that allows Citigroup to alter Countrywide’s superior rights under the participation agreement, since an assignment in satisfaction of an obligation transfers no more than the collateral (see In re Brooke Corp., 2012 WL 3066706, *5, 2012 Bankr LEXIS 3595, *14-15 [D Kan, July 26, 2012, Bankr No. 08-22786]). Concur — Mazzarelli, J.E, Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.