■ CORTLANDT STREET RECOVERY CORP. et al., Appellants, v HELLAS TELECOMMUNICATIONS, S.A.R.L., et al., Respondents, et al., Defendants. CORTLANDT STREET RECOVERY CORP. et al., Appellants, v DAVID BONDERMAN et al., Respondents, et al., Defendants. (And Another Action.) CORTLANDT STREET RECOVERY CORP., Appellant, v HELLAS TELECOMMUNICATIONS, II, et al., Defendants, and HELLAS TELECOMMUNICATIONS, S.A.R.L., et al., Respondents. [37 NYS3d 505]—

Orders, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about September 22, 2014, which, insofar as appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint in each of three separate actions, unanimously modified, on the law, to deny the motion to dismiss the complaint in the action bearing index No. 653357/11 insofar as asserted by plaintiff Wilmington Trust Company, as indenture trustee, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about February 6, 2015, which, upon renewal, adhered to the prior determination granting defendants' motions to dismiss the complaint in index No. 653357/11, unanimously dismissed, without costs, as academic.

Supreme Court erred in dismissing the complaint in the action bearing index No. 653357/11 to the extent that the complaint in that action has been filed by plaintiff Wilmington Trust Company, as indenture trustee (the trustee). In its complaint, the trustee asserts, in addition to breach of contract claims, causes of action for fraudulent conveyance, for unlawful corporate distribution, for unjust enrichment, and based on an alter ego theory. Section 6.03 of the indenture governing the notes provides, in pertinent part: "If an Event of Default occurs and is continuing, the Trustee may pursue any available remedy to collect the payment of principal, premium, if any, and interest on the Notes." This provision confers standing on the trustee to pursue, not only the breach of contract claims, but also the fraudulent conveyance and other aforementioned claims, which seek recovery solely of the amounts due under the notes, for the benefit of all noteholders on a pro rata basis, as a remedy for an alleged injury suffered ratably by all

noteholders by reason of their status as noteholders (*see Feldbaum v McCrory Corp.*, 1992 WL 119095, \*8, 1992 Del Ch LEXIS 113, \*27-28 [June 1, 1992, Civ A Nos. 11866, 11920, 12006] ["Given the derivative character of these (fraudulent conveyance) claims, it is clear that they can be prosecuted by the trustees representing the bondholders as a group"]; *see also Lange v Citibank, N.A.*, 2002 WL 2005728, \*7, 2002 Del Ch LEXIS 101, \*20 [Aug. 13, 2002, Civ A No. 19245-NC] [same]). Significantly, the trustee does not assert causes of action for fraudulent misrepresentation or other claims seeking recovery for particular injuries unique to individual noteholders, nor does the trustee seek a measure of damages other than the amounts due under the notes (*cf. Regions Bank v Blount Parrish & Co.*, 2001 WL 726989, \*1, 2001 US Dist LEXIS 8814, \*1 [ND Ill, June 27, 2001, No. 01 C 0031] [holding that an indenture trustee did not have standing to sue the underwriter upon the bondholders' individual claims for fraud, under the common law and the federal securities laws, based on the underwriter's alleged making of "material misrepresentations (in) the offering memorandum" for the bonds]).[1] We also find that, in view of the allegation that defendants controlled the issuer of the notes and caused the issuer to divest itself of the proceeds of the sale of the notes almost immediately after the notes were sold, thereby rendering the issuer insolvent, the complaint sufficiently states a cause of action against these defendants under a veil-piercing theory, at least at this pre-answer, pre-discovery stage.[2]

The court correctly found that plaintiff Cortlandt Street Recovery Corp. lacks standing to bring the claims in index Nos. 651693/10 and 653357/11 because, while the assignments to Cortlandt for the PIK notes granted it "full rights to collect amounts of principal and interest due on the Notes, and to pursue all remedies," they did not transfer "title or ownership" of the claims (*see Cortlandt St. Recovery Corp. v Hellas Telecommunications, S.A.R.L.*, 790 F3d 411, 419 [2d Cir 2015]; *Condren, Walker & Co., Inc. v Portnoy*, 48 AD3d 331 [1st Dept 2008]).

---

1. There is no indication in the *Regions Bank* decision that the trustee in that case was asserting a fraudulent conveyance claim. To the extent *Regions Bank* precludes a trustee from asserting a fraudulent conveyance claim based on transactions that allegedly rendered the issuer insolvent after the issuance of the notes (as the trustee alleges to have occurred in this case), we decline to follow it.

2. Because, on this appeal, defendants-respondents have not briefed the merits of the alternative arguments for dismissal of the causes of action asserted by the trustee that were raised before the motion court, we do not address those arguments.

The court correctly found in index No. 653181/11 that Cortlandt lacks standing because the party that gave it the assignment to sue on the subordinated notes did not have the authority to assert or assign such claims, having never obtained status to sue as a holder of definitive notes or otherwise. While that party has the court-ordered right to the issuance of definitive notes that would give it the right to sue or assign to Cortlandt its right to sue, and the issuer of the subordinated notes violated the indenture and the court order by not issuing such notes, the court correctly declined, on the facts alleged, to use the doctrine of substitute performance to alter the terms of the indenture so as to remedy this situation. Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ. 