16-1765-cv
*Green Tree Servicing, LLC v. Nicholas Christodoulakis, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand seventeen.

PRESENT:   GUIDO CALABRESI,
           DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
                      *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GREEN TREE SERVICING, LLC,

                      *Plaintiff-Appellee,*

                      v.                                   16-1765-cv

NICHOLAS CHRISTODOULAKIS, ALEXANDRA CHRISTODOULAKIS,

                      *Defendants-Appellants,*

OLGA CHRISTODOULAKIS,

                      *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE:          MICHAEL J. SIRIS, Solomon & Siris, P.C.,
                                 Garden City, New York.

FOR DEFENDANTS-APPELLANTS:     JAMES F. MISIANO, James F. Misiano, P.C., Hauppauge, New York.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART**, and the case is **REMANDED** with instructions.

Defendants-appellants Nicholas Christodoulakis ("Nicholas") and Alexandra Christodoulakis ("Alexandra," and together with Nicholas, the "Parents") appeal a May 4, 2016 judgment awarding $336,154.26 to plaintiff-appellee Green Tree Servicing, LLC ("Green Tree"). The judgment was entered pursuant to opinions and orders dated September 29, 2015 and April 18, 2016. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This case arises from a series of transactions involving a parcel of real property in Brooklyn, New York. Husband and wife Nicholas and Alexandra acquired the property in 1981 and mortgaged it in 2003 to obtain a $300,000 loan (the "2003 Mortgage"). Countrywide serviced the 2003 Mortgage. On April 10, 2008, the Parents deeded the property to themselves and their daughter, Olga Christodoulakis ("Olga"), as tenants in common. That deed was recorded on May 9, 2008.

Soon thereafter, the Parents and Olga engaged in a transaction that left Olga as the sole owner of the property (the "2008 Transaction"). At the closing, the Parents conveyed their interest in the property to Olga by deed dated May 22, 2008. In exchange, Olga mortgaged the property (the "2008 Mortgage") for a $385,000 loan from BankUnited FSB (the "Note") and transferred $295,298.38 of the loan proceeds to Countrywide in satisfaction of the 2003 Mortgage. The satisfaction of the 2003 Mortgage was recorded on July 2, 2008, but neither the May 22, 2008 deed nor the 2008 Mortgage was recorded at that time.

Although the exact chain of ownership is not clear from the record, the parties agree that the Federal National Mortgage Association ("Fannie Mae") came to own the Note and 2008 Mortgage. On April 1, 2009, Fannie Mae designated Green Tree as "servicer" of the loan and, pursuant to a "Limited Power of Attorney," granted Green Tree the "full power and authority . . . to do and perform all and every act and thing requisite, necessary, and proper to" secure "the full satisfaction . . . of a mortgage." App. 312.

The failure to record the 2008 Mortgage proved significant because, in 2013, Olga decided to sell the property for $354,000 (the "2013 Transaction") and her buyers' title search revealed only the April 10, 2008 deed indicating that Olga owned the property with her Parents as tenants in common. Therefore, Nicholas, Alexandra, and Olga all signed a deed dated March 8, 2013, conveying the property to the buyers. On

3

March 8, 2013, the buyers issued a $260,182.41 check payable to Nicholas and Olga, which they deposited with an escrow agent. On March 13, 2013, the escrow agent issued a $106,511.03 check to Nicholas and Alexandra, which they deposited in their bank account. Olga retained the remaining proceeds from the 2013 Transaction.

The March 8, 2013 deed and the buyers' $283,200 mortgage were recorded on March 28, 2013. The 2008 Mortgage was not recorded until May 28, 2013, more than five years after it was originated. Olga subsequently defaulted on the Note.

Green Tree commenced this action against Olga, Nicholas, and Alexandra on March 31, 2014, asserting, *inter alia*, claims of breach of contract, fraud, and unjust enrichment. On May 23, 2014, Olga, Nicholas, and Alexandra filed an answer, asserting, *inter alia*, certain affirmative defenses challenging Green Tree's "standing" to sue under the Note and 2008 Mortgage. App. 21. At an initial pretrial conference on July 23, 2014, Green Tree provided an affidavit from a foreclosure supervisor affirming that the Note "was physically delivered, surrendered, and conveyed to [Green Tree], along with all right, title and interest in and thereto." App. 32. Accordingly, the district court struck defendants' aforementioned affirmative defenses. On November 10, 2014, defendants moved to dismiss the complaint for failure to state a claim and Green Tree filed a motion for summary judgment. Defendants also moved to vacate the order striking their affirmative defenses on January 23, 2015.

4

On September 29, 2015, the district court, *inter alia*, denied the motion to dismiss the unjust enrichment claim against the Parents and granted Green Tree's motion for summary judgment. The district court held that Green Tree could enforce the terms of the Note as a "holder" under N.Y. U.C.C. § 3-301 and that Olga breached her obligations by failing to make full payment of the Note within thirty days of the 2013 Transaction. As to the Parents, the district court held as a matter of law that they were unjustly enriched in the amount of $295,298.38 by virtue of the 2013 Transaction because they "took advantage of the failure to record the [May 22, 2008 deed] and 2008 Mortgage by surreptitiously conveying the subject premises to the [buyers] free and clear of the 2003 Mortgage and pocketing the proceeds therefrom." App. 343. In other words, the district court held that because Green Tree's "predecessor or assignor satisfied Nicholas's and Alexandra's 2003 Mortgage under the reasonable, but mistaken, assumption that the [May 22, 2008 deed] and 2008 Mortgage would be promptly recorded, equity and good conscience require restitution" in the amount noted. App. 344.

The parties filed motions to reconsider the ruling. Green Tree argued that it was entitled to prejudgment interest on the $295,298.38 award and the Parents argued that the district court overlooked facts showing that Green Tree lacked standing to sue them and they were not unjustly enriched. By opinion and order dated April 18, 2016, the district court awarded Green Tree prejudgment interest on the $295,298.38 award

5

running from March 8, 2013, and denied the Parents' motion on the merits. Green Tree dropped its remaining claims against Olga on April 29, 2016 and on May 4, 2014, the district court entered a final judgment against the Parents in the amount noted. The Parents appealed.

We review the district court's denial of the Parents' motion to dismiss the complaint for failure to state a claim *de novo*. *See Wurtz v. Rawlings Co.*, 761 F.3d 232, 237 (2d Cir. 2014). We assume the complaint's factual allegations are true and taken together they must state a plausible claim for relief to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007).

Similarly, we review *de novo* a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

On appeal, the Parents argue that Green Tree's rights as a mere "holder" of the Note are circumscribed by New York law and the Limited Power of Attorney such that Green Tree lacks "standing" to bring an unjust enrichment claim against them. They also argue that the district court erred in granting summary judgment in favor of Green Tree on that claim. We discuss each issue in turn.

6

### 1. Standing

The Parents' argument that Green Tree lacks "standing" to sue them for unjust enrichment is unavailing. They cite no legal authority for their argument that New York law "provides a holder with no other rights against the Note obligor (beyond enforcement of the Note), and surely confers upon the holder no other rights under any theory to sue any third parties who are not obligors." Appellants' Br. at 34 (emphasis omitted). To the contrary, under New York law, "there is precedent for allowing a noteholder to maintain an unjust enrichment claim . . . where loan proceeds are wrongfully transferred to a non-contracting party, against whom a breach of contract claim does not lie." *Taberna Preferred Funding II, Ltd. v. Advance Realty Grp. LLC*, No. 652884/2013, 2014 WL 4974959, at *13 (Sup. Ct. N.Y. Cty. Oct. 3, 2014); *see also* N.Y. U.C.C. § 3-201 (providing that, subject to exceptions inapplicable here, the "[t]ransfer of an instrument vests in the transferee such rights as the transferor has therein"); *U.S. Bank N.A. v. Denisco*, 96 A.D.3d 1659, 1661 (4th Dep't 2012) ("It is well settled that an assignee steps into the shoes of its assignor and may pursue the same remedies as would have been available to the assignor." (internal quotation marks and citations omitted)).[1] The Parents' arguments based on the Limited Power of Attorney fare no better. That document granted Green Tree the "full power and authority . . . to do and

---

[1] The parties' briefs assume that New York law governs this case "and such implied consent is, of course, sufficient to establish the applicable choice of law." *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009) (quoting *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 514 n.4 (2d Cir. 2001)).

perform all and every act and thing requisite, necessary, and proper to" secure "the full satisfaction" of the 2008 Mortgage, App. 312, and such language is sufficiently broad to cover actions against third parties to recover amounts owed under the Note. *See Perosi v. LiGreci*, 98 A.D.3d 230, 237 (2d Dep't 2012) (a power of attorney is construed according to ordinary principles of contract interpretation and "[g]enerally, the scope of a power of attorney is limited only by the boundaries of the principal-agency relationship"); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 142 A.D.3d 833, 833 (1st Dep't 2016) (holding that an indenture providing that "the Trustee may pursue any available remedy to collect the payment of principal, premium, if any, and interest on [a note] . . . confers standing on the Trustee to pursue, not only . . . breach of contract claims, but also" "causes of action for . . . unjust enrichment" against third parties). Therefore, the district court correctly concluded that Green Tree has standing to pursue the unjust enrichment claim against the Parents and thus did not err in striking the Parents' affirmative defenses in that regard.

## 2. Unjust Enrichment

The Parents argue that the district court erred in granting summary judgment on Green Tree's unjust enrichment claim because (1) they received no benefit at Green Tree's expense, and (2) if they did, the amount is limited to $106,511.03, not the $295,298.38 awarded by the district court.

8

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that 'equity and good conscience' require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (quoting *Dolmetta v. Uintah Nat'l Corp.*, 712 F.2d 15, 20 (2d Cir. 1983)). "The theory of unjust enrichment lies as a quasi-contract claim." *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572 (2005). "It is an obligation the law creates *in the absence of any agreement*." *Id.* (emphasis added). Accordingly, "[t]he existence of a valid and enforceable . . . contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388-89 (1987) ("Briefly stated, a quasi-contractual obligation is one imposed by law where there has been no agreement or expression of assent, by word or act, on the part of either party involved." (emphasis omitted)).

The district court held that the Parents "were clearly unjustly enriched in 2008, insofar as they received a benefit, i.e., satisfaction of their 2003 mortgage, without giving plaintiff, or its predecessor or assignor, anything in return, since only Olga executed the 2008 Mortgage and Note." App. 342 (citations omitted). This was error. The 2008 Transaction, in effect, constituted two contractual agreements, the existence of which precludes Green Tree's recovery of the $295,298.38 in loan proceeds on a theory of unjust enrichment. *See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 587 (2d Cir. 2006) ("*Clark-Fitzpatrick* precludes unjust enrichment

9

claims whenever there is a valid and enforceable contract governing a particular subject matter, whether that contract is written, oral, or implied-in-fact."). In the first contract, the Parents conveyed their entire interest in the property to Olga in exchange for $295,298.38, which was applied to satisfy the 2003 Mortgage. In a separate written contract, BankUnited FSB lent $385,000 to Olga in exchange for her promise to repay that amount (plus interest) under the terms of the Note and the 2008 Mortgage. Olga directed $295,298.38 of the loan proceeds to Countrywide in satisfaction of her Parents' mortgage, and received the property clear of the 2003 Mortgage. The Parents were relieved of their obligations under the 2003 Mortgage, but -- as far as any claims between Olga and them -- they gave up their interest in the property to her. In other words, both contracts were supported by adequate consideration and thus the Parents were not unjustly enriched at that time. Accordingly, the district court erred in concluding that the Parents were unjustly enriched by $295,298.38 and its award of that amount must be vacated.

Nevertheless, we conclude that the Parents were unjustly enriched by the 2013 Transaction. There, with knowledge (1) that they had already given up their interest in the property to Olga (in return for $295,298.38), and (2) that payments were still due under the Note, the Parents -- taking advantage of the failure to record the 2008 Mortgage -- participated in Olga's sale of the property by signing the March 8, 2013 deed. Shortly thereafter, on March 11, 2013, they received a $106,511.03 check from

10

Olga's escrow agent. Therefore, because the Parents concede that they "had no interest in the sale proceeds," Appellants' Br. at 47, we conclude that the Parents were unjustly enriched by $106,511.03 and that equity and good conscience require restitution in that amount, with prejudgment interest to accrue from March 8, 2013.

We have reviewed the Parents' remaining arguments and conclude they are without merit. Accordingly, the judgment of the district court is **VACATED IN PART**, and the case is **REMANDED** with instructions to enter judgment against the Parents in the amount of $106,511.03, with prejudgment interest to accrue from March 8, 2013.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

11