■ RICHARD LAERMER et al., Respondents, v NEW YORK CITY LOFT BOARD, Appellant-Respondent, and 111 WEST 17TH STREET REALTY CORP., Respondent-Appellant.—Order of the Supreme Court, New York County (Edward Greenfield, J.), dated July 12, 1990, which granted a CPLR article 78 petition to the extent of remanding the matter to the respondent Loft Board for reconsideration of petitioners' application for Loft Law coverage, is unanimously reversed, on the law and facts, the application by the petitioners to vacate the order of respondent, dated February 22, 1990, is denied and the petition dismissed, without costs or disbursements.

The subject premises is a four story building consisting of a ground floor commercial establishment and three residential apartments. In 1987, the tenants, including the petitioners, applied for interim multiple dwelling status for the building under article 7-C of the Multiple Dwelling Law (the Loft Law). It was conceded that the second and third floor units were residentially occupied during the Loft Law window period of April 1, 1980 to December 1, 1981 and a hearing was held with respect to the residential occupation of the first floor unit.

The original tenants, Simmons and Tripner, moved into the first floor unit in the 1960s and lived there until 1979 when they moved to Florida. They did not surrender possession of the apartment to the owner, but sublet the apartment to various persons, leaving behind some personal property and two cats.

The Loft Board initially found that the first floor unit was occupied for residential purposes during the window period and, therefore, the premises qualified as an interim multiple dwelling. The Board credited testimony of the building residents that two women moved into the unit after the original tenants had moved to Florida and another witness' testimony that he had moved in during February 1981, and found the testimony of the owner that the loft was vacant during the one year window period not credible.

However, after granting an application for reconsideration, the Loft Board found that the tenants had not met their burden of proving that the first floor unit was residentially occupied on the first day of the window period, April 1, 1980. It rejected the argument that the first floor was residentially occupied by the original tenants since they were not physically present and never returned to the unit on a permanent basis. The Board further found that the tenants did not establish by a preponderance of the evidence that anyone lived in the apartment on April 1, 1980, since the testimony at the hearing varied as to the length of the vacancy after departure of the original tenants and the exact time the two women entered into residence. Thus, the Loft Board determined that the premises did not qualify as an interim multiple dwelling as it was not residentially occupied during the window period.

The IAS court granted the petition challenging this determination to the extent of remanding the matter for further consideration. Thereafter, the IAS court granted respondents Loft Board and owner leave to appeal and cross-appeal respectively, from its order.

"To come within the protective scope of the Loft Law, it must be established, *inter alia,* that a structure or portion thereof, formerly used for commercial purposes, was, between April 1, 1980 and December [1], 1981 (the window period), occupied for residential purposes as the residence or home of any three or more independently living families (Multiple Dwelling Law § 281). For a unit to qualify as a residence under Multiple Dwelling Law § 281 it must possess sufficient indicia of independent living to demonstrate its use as a family residence" *(Anthony v New York City Loft Bd.,* 122 AD2d 725, 727).

The petitioners as applicants for interim multiple dwelling status, bear the burden of proving that all three units were residentially occupied during the window period, and failure to meet this burden will result in denial of the application. *(See, Matter of Kaplan v New York City Loft Bd.,* 159 AD2d 439; *Anthony v New York City Loft Bd., supra.)* The petitioners did not meet this burden, failing to prove that the first floor unit was used as a residence by the original tenants Simmons and Tripner, the two women, or anyone else on April 1, 1980, the first day of the window period.

The determination by the Loft Board that the unit was not residentially occupied on April 1, 1980 was supported by

substantial evidence and therefore must be upheld *(see, Matter of Kaplan v New York City Loft Bd., supra; Anthony v New York City Loft Bd., supra)*. While the testimony was conflicting, the duty of weighing the evidence and making the choice between the conflicting inferences from the evidence presented at the hearing and upon the submissions rested solely upon the respondent Loft Board and the IAS court was not justified in itself weighing the evidence and rejecting the choice made by the respondent Loft Board *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444). Concur—Murphy, P. J., Ellerin, Wallach, Asch and Rubin, JJ.