■ LAWRENCE P. CAPLAN et al., Appellants-Respondents, v UNIMAX HOLDINGS CORPORATION, Respondent-Appellant.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered October 7, 1991, which granted defendant's motion to dismiss the complaint to the extent of dismissing all claims asserted by certain of the named plaintiffs, dismissed the second and third counts of the amended complaint and plaintiffs' request for declaratory relief in their entirety, dismissed all counts of the amended complaint against defendants Shepaug Corporation and Arthur L. Carter, and amended the caption accordingly, unanimously affirmed, without costs.

The IAS Court correctly dismissed the complaint with respect to payment of Stated and Additional Interest under the Indenture. An alleged breach of the covenant of good faith does not give rise to a cause of action under UCC 1-203 *(see, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 919, *lv dismissed* 76 NY2d 936). Further, as plaintiffs received all the promised benefits under the Indenture upon redemption of the debenture, there is no common law cause of action for breach of an implied covenant of good faith and fair dealing *(see, Metropolitan Life Ins. Co. v RJR Nabisco,* 716 F Supp 1504, 1517). Nor have plaintiffs stated a claim under the Fraudulent Conveyance Act (Debtor and Creditor Law § 276), since the claims are asserted against defendant and not its subsidiary, which made the conveyances. Plaintiffs' argument that the corporate veil between defendant and its subsidiary should be pierced is raised for the first time on appeal and thus may not be considered *(Unitron Graphics v Mergenthaler Linotype Co.,* 75 AD2d 783, 784).

The court also properly held that the Indenture specifically defined those who could seek a remedy for non-payment as holders of record, and that the express terms of the Indenture providing a limited release against all but defendant corporation is not violative of public policy *(see, Cheatham v Cheatham,* 93 Misc 2d 576, 581). However, the court properly retained the cause of action for Contingent Interest against defendant Unimax Holdings Corporation alone, since, although said defendant might prove the subsidiary still retained sufficient assets and was in business, it could not be determined, as a matter of law, whether said subsidiary had sold all or substantially all of its assets at the time of sale. Concur—Murphy, P. J., Rosenberger, Kassal and Rubin, JJ.