■ In the Matter of LIZA BEAR, Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents. [608 NYS2d 468] —Order, Supreme Court, New York County (Helen Freedman, J.), entered October 29, 1992, which dismissed the proceeding brought by petitioner pursuant to CPLR article 78 to annul the January 30, 1992 determination of the New York City Loft Board denying petitioner's application for coverage under article 7-C of the Multiple Dwelling Law, unanimously affirmed, without costs.

"[T]he construction given statutes and regulations by the agency responsible for their administration will, if not irrational or unreasonable, be upheld" (Matter of Johnson v Joy, 48 NY2d 689, 691). In this case the Loft Board determination that petitioner's unit did not qualify for coverage pursuant to Multiple Dwelling Law § 281 (4) was not arbitrary, capricious or an abuse of discretion inasmuch as the statute, on its face, requires a showing that the unit in question was occupied for residential use on April 1, 1980 (see, Laermer v New York City Loft Bd., 184 AD2d 339, lv denied 81 NY2d 701). While the Loft Board now acknowledges that petitioner is not precluded from seeking a special permit pursuant to Zoning Resolution § 74-782 in order to qualify under Multiple Dwelling Law § 281 (3), it had no statutory authority to grant petitioner's

application unless and until such permit had been obtained from the appropriate municipal authority *(cf., Matter of Vlachos v New York City Loft Bd.,* 118 AD2d 378, 382). The petition, therefore, was properly dismissed. Concur—Rosenberger, J. P., Ross, Asch, Rubin and Tom, JJ.