■ In the Matter of SORI-GOALYA REALTY, L. L. C., Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents. [726 NYS2d 93] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered March 2, 2001, which denied petitioner landlord's application to annul respondent Loft Board's determination of a rent overcharge, and dismissed the petition, unanimously affirmed, without costs.

The Loft Board's conclusion that the Rent Regulation Reform Act of 1997 (L 1997, ch 116), including CPLR 213-a (§ 34) and Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (a) (2) (§ 33), does not apply to Loft Board proceedings, and that, accordingly, consideration of a loft's rental history for purposes of determining its legal regulated rent is not limited to the four-year period preceding the filing of a rent overcharge application, is not irrational or unreasonable, and should be upheld (*see, Matter of Bear v New York City Loft Bd.*, 202 AD2d 260). The four-year Statute of Limitations applicable to Loft Board proceedings (29 RCNY 1-06.1 [c]) does not contain language limiting the rental-history period that may be reviewed, unlike CPLR 213-a and Rent Stabilization Law § 26-516 (a) (2). Since the CPLR is limited to civil judicial

proceedings (CPLR 101), and since the Rent Regulation Reform Act makes no specific references to the Loft Law, the rental history limitations in these statutes should not be read into the Loft Board Statute of Limitations, absent a showing of a contrary legislative intent, not made here. Petitioner's argument that the overcharge proceeding, which involved a claim deriving from an overcharge in a 1983 lease with a different owner, is barred by laches is unpersuasive, there being no showing of prejudice as a result of the delay. Petitioner's claim that the overcharge claim is unsubstantiated and that documents necessary to a defense are no longer available is undermined by a record indicating that the parties had stipulated to the rental history. In any event, the Loft Board properly credited the tenant's sworn statement as to the rental history, which was corroborated by, *inter alia*, a copy of a prior owner's 1983 rental bill to the tenant and several canceled monthly rent checks, the authenticity and accuracy of which petitioner did not dispute. Concur—Andrias, J. P., Lerner, Rubin, Buckley and Marlow, JJ.