■ MACKAY SHIELDS LLC et al., Appellants, et al., Plaintiff, v SEA CONTAINERS, LTD., et al., Respondents, et al., Defendant. [751 NYS2d 485] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered July 13, 2001, dismissing the complaint without prejudice, and bringing up for review an or-

der, same court and ·Justice, entered June 21, 2001, which granted defendants' motion pursuant to CPLR 3211 for the relief afforded in the judgment, unanimously affirmed, without costs. Appeal from the June 21, 2001 order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Standing to sue upon the indentures which plaintiffs seek to enforce is, pursuant to the indentures, expressly reserved to "holders." The indentures define a "holder" as one in whose name a senior note is registered. Inasmuch as it is undisputed that plaintiffs are not registered holders, they are without standing to sue, regardless of whether they are beneficial holders (*see Caplan v Unimax Holdings Corp.*, 188 AD2d 325, 326). *Friedman v Airlift Intl.* (44 AD2d 459) is not to the contrary. In *Friedman*, the plaintiffs sued upon underlying negotiable instruments, not upon the indentures pursuant to which they were issued, as is the case here. Having premised their action upon the indentures, plaintiffs are subject to the limitations which the indentures impose upon their right to relief.

We have considered plaintiffs' other arguments and find them unavailing. Concur—Nardelli, J.P., Tom, Ellerin, Friedman and Marlow, JJ.