■ ERNEST ROBINSON et al., Appellants, v CITY OF NEW YORK et al., Respondents. [40 NYS3d 381]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered April 21, 2015, which granted defendants the City of New York and State of New York's motions to dismiss the complaint and denied plaintiffs' cross motion for leave to amend the complaint, unanimously affirmed, without costs.

In this action, plaintiffs, individually and as members of a putative class of other similarly situated African-American and Hispanic residents of rental apartment buildings with 11 or more units in New York City, seek declaratory and injunctive relief in connection with their allegations that New York City's real property tax classification system creates a disparate impact on African-American and Hispanic residents of larger apartment buildings.

Plaintiffs lack standing to challenge the tax classification system, as they have failed to show that they sustained an "injury in fact" (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]; Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773 [1991]). Plaintiffs failed to identify where they live, other than being in apartment buildings in the Bronx and Queens; how much rent they pay; and, what portion, if any, of their rent is attributable to their landlord's property tax obligation. Additionally, plaintiffs failed to allege that they in fact paid a higher rent rate than they would have had their landlords received a more favorable property tax rate.

Moreover, plaintiffs are not property owners and thus, they do not directly bear the costs of the property tax burden placed on larger buildings. The argument that plaintiffs nonetheless have standing, as they have been injured by the tax scheme, resulting in higher rents which would be reduced were real property taxes to be shared equitably among the different classes of real property, is speculative. At this juncture, plaintiffs' allegations as to injury are nothing more than conjectural (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]).

Plaintiffs have also failed to state a cause of action under the Fair Housing Act (42 USC § 3601 et seq.), as they have not shown that the tax system, which is applied City-wide to all residential buildings, based upon their classification, has a disparate impact on them (cf. Texas Dept. of Hous. & Com-

*munity Affairs v Inclusive Communities Project, Inc.*, 576 US —, —, 135 S Ct 2507, 2523 [2015]). Moreover, there is no allegation that plaintiffs have had housing denied or been made "unavailable" to them as a result of the tax scheme (42 USC § 3604 [a]), and defendants are not involved in the "terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith" (42 USC § 3604 [b]; *Housing Justice Campaign v Koch*, 164 AD2d 656, 672-673 [1st Dept 1991], *lv denied* 78 NY2d 858 [1991]). The mere demonstration of a statistical imbalance, without "a showing that similarly situated members of nonminority groups will not be as adversely affected as members of minority groups or that segregation will be perpetuated" is not enough to establish a violation of the Fair Housing Act (*Housing Justice Campaign*, 164 AD2d at 674-675; *cf. Huntington Branch, N.A.A.C.P. v Town of Huntington*, 844 F2d 926 [2d Cir 1988], *affd in part* 488 US 15 [1988]).

Plaintiffs' section 1983 claim, which alleges a violation of federal Equal Protection Clause (US Const, 14th Amend, § 1), and their corresponding state law claim (NY Const, art I, § 11) fail in the absence of proof of racially discriminatory intent or purpose (*see Arlington Heights v Metropolitan Housing Development Corp.*, 429 US 252, 265-266 [1977]; *Matter of Esler v Walters*, 56 NY2d 306, 313-314 [1982]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Richter, Kapnick and Gesmer, JJ.