Matter of Lerner v New York City Loft Bd. (2018 NY Slip Op 06688)





Matter of Lerner v New York City Loft Bd.


2018 NY Slip Op 06688


Decided on October 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2018

Renwick, J.P., Gische, Kahn, Kern, Moulton, JJ.


156109/16 7217 101179/16 7216

[*1]In re Jerrold Lerner, et al., Petitioners,
v
New York City Loft Board, et al., Respondents.
In re Muriel Gould, Petitioner,
v
New York City Loft Board, et al. Respondents.


Warshaw Burstein, LLP, New York (Bruce H. Wiener of counsel), for Jerrold Lerner and Jaye Nydick, petitioners/respondents.
Belkin Burden Wenig & Goldman, LLP, New York (Magda L. Cruz of counsel), for Muriel Gould, respondent/petitioner.
Zachary W. Carter, Corporation Counsel, New York (Diana Lawless of counsel), for New York City Loft Board, respondent.



Determinations of respondent New York City Loft Board (Board), dated November 19, 2015, March 17, 2016, and March 17, 2016, which, respectively, denied the application by petitioners Jerrold Lerner and Jaye Nydick for coverage under article 7-C of the Multiple Dwelling Law (Loft Law), denied their motion for reconsideration, and denied a motion for reconsideration by petitioner Muriel Gould, unanimously confirmed, the petitions denied, and the proceedings brought pursuant to CPLR article 78 (transferred to this Court by orders, Supreme Court, New York County [Barbara Jaffe, J.], entered June 20, 2017), dismissed, without costs.
The Board's denial of the application by tenants Lerner and Nydick for coverage under the Loft Law is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]). The Board reasonably accepted the Administrative Law Judge's finding that the tenants failed to meet their burden of showing that a certain tenant residentially occupied a unit of the subject building on April 1, 1980, the first day of the window period under the Loft Law (Multiple Dwelling Law § 281[1]), on the basis that the testimony as to when he began residing in the unit lacked credibility and was not corroborated by any documentary evidence (see Laermer v New York City Loft Bd., 184 AD2d 339 [1st Dept 1992], lv denied 81 NY2d 701 [1992]; see generally Matter of Berenhaus v Ward, 70 NY2d 436, 444 [1987]).
The Board properly found that the tenants failed to establish any "extraordinary circumstances" warranting reconsideration under 29 RCNY 1-07(a)(2).
The landlord, Gould, lacks standing to challenge the denial of her motion for reconsideration, since she was not aggrieved by the Board's denial of the application for Loft Law coverage, and failed to demonstrate that the Board's declination to rule on her alternative argument for denying the application has caused or will cause her to suffer any actual injury (see T.D. v New York State Off. of Mental Health, 91 NY2d 860 [1997]; Robinson v City of New [*2]York, 143 AD3d 641 [1st Dept 2016]; see also 29 RCNY 1-07[a][2]). Furthermore, Gould's argument as to one of the tenants, Nydick, is unpreserved since it was not raised at the administrative level, and this Court has "no discretionary authority" to "reach[] an unpreserved issue in the interest of justice" in this article 78 proceeding (Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 9, 2018
CLERK