**Wilmington Trust, N.A. v Board of Mgrs. 229 W. 43rd St. Condominium**

2025 NY Slip Op 31241(U)

April 11, 2025

Supreme Court, New York County

Docket Number: Index No. 154811/2023

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

---------------------------------------------------------------------------------X

WILMINGTON TRUST, NATIONAL ASSOCIATION, AS
TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF
CD 2016-CD2 MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS THROUGH CERTIFICATES, SERIES
2016-CD2, WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF
THE REGISTERED HOLDERS OF JPMDB
COMMERCIAL MORTGAGE SECURITIES TRUST 2017-
C5 COMMERCIAL MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2017-C5, DEUTSCHE BANK
TRUST COMPANY AMERICAS, AS TRUSTEE, ON
BEHALF OF THE REGISTERED HOLDERS OF
CITIGROUP COMMERCIAL MORTGAGE TRUST 2017-
P7 COMMERCIAL MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2017-P7, WELLS FARGO
BANK, NATIONAL ASSOCIATION, AS TRUSTEE, ON
BEHALF OF THE REGISTERED HOLDERS OF CD2017-
CD3 MORTGAGE TRUST COMMERCIAL MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2017-CD3

|  |  |
|---|---|
| **INDEX NO.** | 154811/2023 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

Plaintiff,

- v -

BOARD OF MANAGERS 229 WEST 43RD STREET
CONDOMINIUM,

Defendant.

---------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 71, 72, 73, 74, 75, 76, 77, 78

were read on this motion to/for _____ DISMISS _____ .

Upon the foregoing documents, it is

This is an action for declaratory judgment declaring a proper method of allocation

of expenses arising from Local Law 11 façade work between the two units – the retail

unit and the commercial unit – of a condominium located at 229 West 43rd Street, New

154811/2023   WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF THE HOLDERS OF CD 2016-CD2 MORTGAGE TRUST COMMERCIAL MORTGAGE
PASS THROUGH CERTIFICATES, SERIES 2016-CD2 ET AL vs. BOARD OF MANAGERS 229
WEST 43RD STREET CONDOMINIUM
Motion No.  001

Page 1 of 13

[* 1]

York, New York 10036, as well as for damages resulting from the alleged improper expense allocation. Plaintiffs in this action are (i) Wilmington Trust, National Association (Wilmington Trust), as trustee, for the benefit of the holders of CD 2016-CD2 Mortgage Trust Commercial Mortgage Pass Through Certificates, Series 2016-CD2 (2016-CD2 Trust Certificate Holders), (ii) Wilmington Trust, as trustee, for the benefit of the registered holders of JPMDB Commercial Mortgage Securities Trust 2017-C5 Commercial Mortgage Pass Through Certificates, Series 2017-C5, (iii) Deutsche Bank Trust Company Americas, as trustee, on behalf of the registered holders of Citigroup Commercial Mortgage Trust 2017-P7 Commercial Mortgage Pass-Through Certificates, Series 2017-P7, and (iv) Wells Fargo Bank, National Association, as trustee, on behalf of the registered holders of CD2017-CD3 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2017-CD3 (collectively, Lenders).

In motion sequence number 001, defendant Board of Managers 229 West 43rd Street Condominium (Board) moves pursuant to CPLR 3211 (a) (1), (2), (3), (7), and (10) to dismiss the verified complaint.

**Background**

Unless indicated otherwise, the following facts are taken from the verified complaint and, for the purposes of this motion, are accepted as true.

*Parties and Related Action*

The Lenders collectively hold a loan consisting of nine promissory notes, which is secured by a mortgage of the retail unit and related property, including the personal

154811/2023   WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF THE HOLDERS OF CD 2016-CD2 MORTGAGE TRUST COMMERCIAL MORTGAGE
PASS THROUGH CERTIFICATES, SERIES 2016-CD2 ET AL vs. BOARD OF MANAGERS 229
WEST 43RD STREET CONDOMINIUM
Motion No.  001

Page 2 of 13

[* 2]

2 of 13

property owned by the borrowers and located at the premises (collectively, Property).[1] (*See* NYSCEF 1, VC ¶¶ 5, 10-16; NYSCEF 20, Consolidated, Amended and Restated Mortgage [Mortgage] ¶ 1.01.)  Wilmington Trust, as trustee, for the benefit of 2016-CD2 Trust Certificate Holders, also holds Assignment of Leases and Rents (Assignment) (NYSCEF 1, VC ¶¶ 17-18, 27-28; NYSCEF 25, Assignment of Assignment to German American Capital Corp. at 5/11; NYSCEF 26, Assignment of Assignment to Wilmington Trust at 5/12), which was executed "to further secure the payment and performance of all of the [borrowers'] Obligations."  (NYSCEF 21, Assignment at 4/18 ¶ C.)  In sum, pursuant to the Assignment, the borrowers "absolutely and unconditionally assign[ed] and grant[ed] to" Wilmington Trust, as trustee, for the benefit of 2016-CD2 Trust Certificate Holders, *inter alia* leases and any other agreements "grant[ing] a possessory interest in, or right to use or occupy all or any portion of the" retail unit, rents, bankruptcy claims against lessees, rights under lease guarantees, and proceeds.  (*Id.* ¶ 1.1 [a]-[e].)

The borrowers defaulted on the loan in February 2020.  (NYSCEF 1, VC ¶ 38.) On November 5, 2020, the Lenders initiated a mortgage foreclosure action against the borrowers and the Board, among others.[2]  (*See id.* ¶ 39; Index. No. 850176/2020, NYSCEF 1, Summons and Complaint.)  In the foreclosure action, the Board alleged (i) a counterclaim against the Lenders alleging a lien for the unpaid common charges pertaining to the retail unit and (ii) a cross-claim against the borrowers for foreclosure on

---

[1] The borrowers, who are not parties to this action, are (i) Elmwood NYT Owner, LLC, (ii) Landings NYT Owner, LLC, (iii) Oakwood NYT Owner, LLC, and (iv) Wallkill NYT Owner, LLC.  (NYSCEF Doc. No. [NYSCEF] 1, Verified Complaint [VC] ¶ 1.)

[2] The foreclosure action is entitled *Wilmington Trust, National Association, as Trustee for the benefit of the Holders of CD 2016-CD2 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2016-CD2 v Elmwood NYT Owner, LLC* (Index. No. 850176/2020).

154811/2023   WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF CD 2016-CD2 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2016-CD2 ET AL vs. BOARD OF MANAGERS 229 WEST 43RD STREET CONDOMINIUM
Motion No.  001

Page 3 of 13

3 of 13

the Board's lien for unpaid common charges and a related claim for attorneys' fees. (Index. No. 850176/2020, NYSCEF 24, Verified Answer Counterclaim and Cross-Claim ¶¶ 7-34.)  Upon the Lenders' motion (*see* Index. No. 850176/2020, NYSCEF 56, counsel aff), the court appointed a receiver in the foreclosure action, who was directed "to take possession of and administer, preserve and protect all real and personal property that is the subject of the Mortgage."  (Index. No. 850176/2020, NYSCEF 65, Order Appointing Klaus Kretschmann as Receiver at 2/15).  The receiver was authorized to pay common charges.  (*Id.* at 7/15.)  Due to the retail unit's arrears on common charges, the receiver could not exercise the retail unit's voting rights on the Board.  (Index. No. 850176/2020, NYSCEF 217, Kretschmann aff ¶¶ 3-4.)  The receiver and the Board reached a settlement agreement whereby the receiver agreed pay a portion of the arrears and the Board agreed that such payment constitutes full payment of arrears through December 31, 2021, reinstating the retail unit's voting rights.  (*Id.* ¶ 5; *see also* Index. No. 850176/2020, NYSCEF 218, Settlement Agreement ¶ 1.)  The court approved the settlement agreement, to which no opposition was raised.  (Index. No. 850176/2020, NYSCEF 227, Decision and Order at 2 [mot. seq. no. 017].)  The foreclosure action was discontinued without prejudice as between the Lenders and the Board, resulting in the Board's dismissal from the foreclosure action.  (Index. No. 850176/2020, NYSCEF 232, Stipulation of Discontinuance.)

*This Action*

The Lenders subsequently filed this action against the Board.  The condominium is governed a Declaration of 229 West 43rd Street Condominium (Declaration) and Condominium By-Laws (Bylaws).  (NYSCEF 1, VC ¶¶ 43, 47; NYSCEF 28, Declaration

154811/2023   WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF THE HOLDERS OF CD 2016-CD2 MORTGAGE TRUST COMMERCIAL MORTGAGE
PASS THROUGH CERTIFICATES, SERIES 2016-CD2 ET AL vs. BOARD OF MANAGERS 229
WEST 43RD STREET CONDOMINIUM
Motion No.  001

Page 4 of 13

4 of 13

[* 4]

and Bylaws.) "Except as otherwise set forth in … By-Laws … or expense allocation schedule annexed to [Bylaws] … the allocation of General Common Expenses among the Retail Unit and the Commercial Unit shall be in accordance with their relative proportionate Common Interest" (NYSCEF 10, Bylaws ¶ 6.1.1. [a] [at 76/132]), which is 41.37% for the retail unit and 58.63% for the commercial unit. (NYSCEF 28, Declaration at Schedule B [at 51/132].) Per the expense allocation schedule annexed to the Bylaws, "[t]he following expenses shall be split based on usage: [e]xterior inspections, maintenance and repairs (façade)." (NYSCEF 28, Bylaws at Expense Allocation Schedule [at 122/132].)

The Lenders allege that the retail unit's "'usage' of the façade is far less than its Proportionate Common Interest percentage." (NYSCEF 1, VC ¶ 57.) The Lenders allege that the Board "has incorrectly allocated, and continues to incorrectly allocate, charges to the Retail Unit based on Proportionate Common Interest" (*id.* ¶ 56), resulting in overcharges to the Retail Unit. (*Id.* ¶ 57.) The Lenders seek (i) a declaration that all costs for work on the façade under Local Law 11 must be allocated by usage and not by Proportionate Common Interest and (ii) a declaration as to the exact percentage of usage of the façade for the commercial unit and the retail unit for all actual Local Law 11 work that has been performed on the façade. (*Id.* ¶ 68 [A]-[B].) The Lenders also seek a money judgment for "any overpayment of the Local Law 11 façade work, pursuant to Section 6.1.1(c) of the Bylaws." (*Id.* ¶ 68 [C].)

*Procedural History*

At the time this action was initialed, the Lenders alleged that they held the mortgage of the retail unit and related property, including the personal property owned

154811/2023  WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE          Page 5 of 13
BENEFIT OF THE HOLDERS OF CD 2016-CD2 MORTGAGE TRUST COMMERCIAL MORTGAGE
PASS THROUGH CERTIFICATES, SERIES 2016-CD2 ET AL vs. BOARD OF MANAGERS 229
WEST 43RD STREET CONDOMINIUM
Motion No.  001

5 of 13

by the borrowers and located at the premises.  (*Id.* ¶¶ 5, 10-16; *see* NYSCEF 20, Mortgage ¶ 1.01.)  In this motion to dismiss, the Board argues that the Lenders, as lienholders, have no standing.  After this motion was briefed and argued, the Lenders informed the court that as a result of the foreclosure sale, the retail unit and related personal property were transferred to Wilmington Trust, as trustee, for the benefit of CD 2016-CD2 Trust Certificate Holders.  (NYSCEF 68, Letter; NYSCEF 69, Referee's Deed; NYSCEF 70, Judgment of Foreclosure and Sale.)  The Lenders stated that Wilmington Trust, as trustee, for the benefit of CD 2016-CD2 Trust Certificate Holders, now "owns and holds the Property for the benefit of all [Lenders] pursuant to the Co-Lender Agreement."  (NYSCEF 73, Lenders' Suppl Brief at 2/7.)

**Discussion**

The Board moves to dismiss the complaint pursuant to CPLR 3211 (a)(3) for lack of standing.  On a motion to dismiss pursuant to CPLR 3211 (a)(3), "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing." (*Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59-60 [2d Dept 2015]; *see also Brunner v Estate of Lax*, 137 AD3d 553, 553 [1st Dept 2016].)  "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff'[s submissions raise a question of fact as to its standing." (*Deutsche Bank Trust Co. Ams.*, 131 AD3d at 60 [citation omitted].)

> "The test for determining a litigant's standing is well settled. A plaintiff has standing to maintain an action upon alleging an injury in fact that falls within his or her zone of interest. The existence of an injury in fact--an actual legal stake in the matter being adjudicated--ensures that the party seeking review has some concrete interest in prosecuting the action which casts the dispute in a form traditionally capable of judicial resolution." (*Silver v Pataki*, 96 NY2d 532, 539 [2001] [internal quotation marks and citation omitted], *rearg denied* 96 NY2d

154811/2023  WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF CD 2016-CD2 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2016-CD2 ET AL vs. BOARD OF MANAGERS 229 WEST 43RD STREET CONDOMINIUM
Motion No.  001

Page 6 of 13

6 of 13

938 [2001].)

The court first determines whether the Lenders had standing at the commencement of the action. (*See Rizack v Signature Bank, N.A.*, 169 AD3d 612, 613 [1st Dept 2019].)

The Board argues that the Lenders as merely lienholders have no standing to bring this action to determine the retail unit owner's obligations to pay common charges. The Lenders counter that they have standing pursuant to the loan documents. The Lenders cite provisions of the Mortgage[3] and the Assignment,[4] which list certain

---

[3] The Lenders cite the following provisions of the Mortgage: "Mortgagor does hereby irrevocably mortgage, grant, bargain, sell, pledge, assign, warrant, transfer and convey to Mortgagee and its successors and assigns, **WITH POWER OF SALE**, all right, title, interest and estate of Mortgagor now owned, or hereafter acquired, in and to the following (collectively, the '***Property***'): … (g) Personal Property. … general intangibles, contract rights … and all other personal property of any kind or character whatsoever (as defined in and subject to the provisions of the Uniform Commercial Code) other than Fixtures, which are now or hereafter owned by Mortgagor and which are located within or about the Land, the Unit, the Common Elements and the Improvements …; (m) Agreements. … all agreements, contracts, certificates, instruments, franchises, permits, licenses, plans, specifications and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, management or operation of the Land, the Unit, the Common Elements and any part thereof …; (s) Condominium. All right, title and interest in and to (i) the condominium unit known as the Retail Unit (the '***Unit***') more particularly described in Exhibit B attached hereto and situated on the Land as part of a condominium regime (the '***Condominium***') established pursuant to the condominium declaration described on Exhibit B attached hereto (the '***Condominium Declaration***') and (ii) the interest in the common elements of the Condominium appurtenant to ownership of the Unit." (NYSCEF 20, Mortgage ¶ 1.01 [g], [m], [s] [emphasis in original].)

[4] The Lenders cite the following provisions of the Assignment: "Borrower hereby absolutely and unconditionally assigns and grants to Lender the following property, rights, interests and estates, now owned or hereafter acquired by Borrower: (a) Leases. All leases, subleases or subsubleases, lettings, licenses, concessions or other agreements …. (f) Other. All rights, powers, privileges, options and other benefits of Borrower as the lessor under any of the Leases … including, without limitation, the immediate and continuing right … to do all other things which Borrower or any lessor is or may become entitled to do under any of the Leases or Lease Guaranties." (NYSCEF 21, Assignment ¶ 1.1 [a], [f] [emphasis in original].)

mortgaged and assigned property, arguing that these documents vested the Lenders with the right to bring this action to protect their interest in their collateral. The Lender state that "this lawsuit arises directly out of the Property and the Condominium Declaration (to which the Bylaws are an exhibit), which is itself, along with all rights and interest thereto and therein, are Lender's collateral." (NYSCEF 56, Opp Brief at 15/24.)

On its face, this is an action to determine the Retail Owner's share of the Local Law 11 façade work expenses and for the return of the alleged overpayment. The obligation to pay common expenses is a covenant "touching and concerning the land and thus run with the land." (*In re Raymond*, 129 BR 354, 362 [Bankr SD NY 1991], citing *Neponsit Property Owners' Assn, Inc. v Emigrant Industrial Savings Bank*, 278 NY 248 [1938], *rearg denied* 278 NY 704 [1938].) Admittedly, however, when this action was filed, the Lenders were not the retail unit owners; the Lenders merely held a lien on the Property, including the retail unit (*see* NYSCEF 20, Mortgage ¶ 1.01), as well as an assignment of leases, rents, and related property. (NYSCEF 21, Assignment ¶ 1.1.) Indeed, the Lenders acknowledge that "[a] justiciable controversy exists between the Board and Lender, on behalf of the Retail Unit, as to the method of allocation of General Common Charges for the Local Law 11 work on the façade." (NYSCEF 1, VC ¶ 61 [emphasis added].) The Lenders point to no provisions in the Mortgage or the Assignment vesting the Lenders, as mere lienholders, with any interest in the determination of the proper expense allocation method. Thus, at the time this action was filed, the Lenders had no standing in this dispute over the proper method of allocation of Local Law 11 work expenses between the two condominium units. (*See generally Johnson v Augsbury Org., Inc.*, 167 AD2d 783, 784 [3d Dept 1990] ["A lien is

154811/2023 WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF THE HOLDERS OF CD 2016-CD2 MORTGAGE TRUST COMMERCIAL MORTGAGE
PASS THROUGH CERTIFICATES, SERIES 2016-CD2 ET AL vs. BOARD OF MANAGERS 229
WEST 43RD STREET CONDOMINIUM
Motion No. 001

Page 8 of 13

[* 8]

8 of 13

nothing more than a right or claim against a property interest …. A real estate mortgage is collateral security for the payment of a debt; it is personal property, not real property. Mortgages convey no title.  They [give] rise only to a lien upon the land" (internal quotation marks and citations omitted)]; *Suderov v Ogle*, 149 Misc 2d 906, 909 [App Term 1991] ["When a lease is assigned as security for a mortgage, no matter what language is used in the instrument of assignment, no transfer of title to the lease can be effected"].)  The provision of the Mortgage giving the Lender the right, "while an Event of Default is continuing," to "commence any action or proceeding to protect [their] interest … in the Property" is of no consequence.  (NYSCEF 20, Mortgage ¶ 1.01 [l].)[5]

Further, the Lenders' argument that the funds used to pay for the retail unit owner's share of the façade work expenses are also their collateral is conclusory.  The Lenders thus fail to demonstrate an injury in fact due to the Board's allegedly improper expense allocation between the two condominium units.  (*See Robinson v City of NY*, 143 AD3d 641, 641 [1st Dept 2016] ["Plaintiffs lack standing to challenge the tax classification system, as they have failed to show that they sustained an 'injury in fact.' Plaintiffs failed to identify where they live, other than being in apartment buildings in the Bronx and Queens; how much rent they pay; and, what portion, if any, of their rent is attributable to their landlord's property tax obligation. Additionally, plaintiffs failed to allege that they in fact paid a higher rent rate than they would have had their landlords received a more favorable property tax rate" (citations omitted)].)  Even if the underlying

---

[5] The court notes that despite the Lenders' insistence that they have standing to bring this action, the Lenders identified no cases where a lienholder was held to have standing to pursue an action against a building's board to determine an owner's obligations to pay common charges.  The court located no such cases.

**154811/2023   WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE**                                        **Page 9 of 13**
**BENEFIT OF THE HOLDERS OF CD 2016-CD2 MORTGAGE TRUST COMMERCIAL MORTGAGE**
**PASS THROUGH CERTIFICATES, SERIES 2016-CD2 ET AL vs. BOARD OF MANAGERS 229**
**WEST 43RD STREET CONDOMINIUM**
**Motion No.  001**

9 of 13

funds were the Lenders' collateral, however, the Lenders would still have no standing to bring this action, as discussed *infra*.[6]

The Lenders cite the Assignment's provision that grants to Wilmington Trust, as trustee, for the benefit of 2016-CD2 Trust Certificate Holders,

> "[u]pon the occurrence and during the continuance of an Event of Default, Borrower's irrevocable power of attorney, coupled with an interest, to take any or all of the actions set forth in <u>Section 3.1</u> of this Assignment, and any and all other actions designated by Lender for the proper management and preservation of the Property." (NYSCEF 21, Assignment ¶ 1.1 [h] [emphasis in original].)

Accepting as true, without deciding, the proposition that Wilmington Trust, as trustee, for the benefit of 2016-CD2 Trust Certificate Holders, can bring this action in its own name pursuant to the power of attorney, the condominium's declaration bars any actions against the Board by any party other than a unit owner. (NYSCEF 28, Declaration ¶ 9.5 [at 25/132] ["only a Unit Owner shall exercise any rights granted under this Declaration and the Condominium By-Laws and in no event shall any other party but a Unit Owner maintain any action against the Condominium Board or any other Unit Owner with respect to the rights granted under this Declaration or the Condominium By-Laws"].) The power of attorney does not overcome this bar. (*See Cortlandt St. Recovery Corp. v Hellas Telecom., S.A.R.L.*, 47 Misc 3d 544, 553 [Sup Ct, NY County 2014] [citation omitted] [dismissing claims based on lack of standing where instruments at issue "authorize[d] only a 'Holder' of notes … or the trustee to maintain an action to recover on the notes" and plaintiff was an assignee "of a right of collection, not of title to the claims"; and stating that "[t]he grant of a power of attorney — i.e. power to sue on

---

[6] In their supplemental brief, the Lenders argue that the right to file this action is also their collateral. (NYSCEF 77, Lenders' Suppl Brief at 5-6/12.)

154811/2023 WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF CD 2016-CD2 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2016-CD2 ET AL vs. BOARD OF MANAGERS 229 WEST 43RD STREET CONDOMINIUM
Motion No. 001

Page 10 of 13

10 of 13

[* 10]

and collect on a claim — 'is not the equivalent of an assignment of ownership'" of the claim (citation omitted)], *rearg sub nom. Cortlandt St. Recovery Corp. v Bonderman*, 2015 NY Slip Op 30180[U], *1 [Sup Ct, NY County 2015], *mod sub nom. Cortlandt St. Recovery Corp. v Hellas Telecom., S.A.R.L.*, 142 AD3d 833, 835 [1st Dept 2016]; *see also Mackay Shields LLC v Sea Containers, Ltd.*, 300 AD2d 165, 166 [1st Dept 2002] ["The indentures define a 'holder' as one in whose name a senior note is registered. Inasmuch as it is undisputed that plaintiffs are not registered holders, they are without standing to sue, regardless of whether they are beneficial holders"].)

The Lenders acknowledge that this case "arises directly out of … the Condominium Declaration" (NYSCEF 56, Opp Brief at 15/24), but failed to address section 9.5 of the condominium's declaration in their opposition. The Lenders also failed to proffer any evidence that the Board approved the Assignment so as to raise the issue of whether their alleged right under the Assignment to initiate this action supersedes the bar on actions by third parties contained in section 9.5 of the condominium's declaration.

The Lenders next argue that "this is not the first instance in which Lender has sought to prosecute claims relating to the Property." (NYSCEF 56, Opp Brief at 13/24.) The Lenders cite a judgment enforcement action, *Wilmington Trust, National Association, as Trustee for the Benefit of the Holders of CD 2016-CD2 Mortgage Trust Commercial Mortgage Pass Through Certificates, Series 2016-CD2 v Irving Langer* (Index. No. 522793/2019), where, the Lenders argue, Wilmington Trust, as trustee, for the benefit of 2016-CD2 Trust Certificate Holders, was substituted as plaintiff based on the Mortgage and the Assignment. The substitution, however, was on consent, and

154811/2023 WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF CD 2016-CD2 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2016-CD2 ET AL vs. BOARD OF MANAGERS 229 WEST 43RD STREET CONDOMINIUM
Motion No. 001

Page 11 of 13

11 of 13

thus the issue of standing was not adjudicated. (*See* Index. No. 522793/2019; NYSCEF 188, April 12, 2021 Stipulation; NYSCEF 191, Order.) A stipulation filed in the judgment enforcement action also makes clear that "the judgment at issue … has been assigned to Lender and is the property of Lender." (Index. No. 522793/2019, NYSCEF 188, April 12, 2021 Stipulation ¶ 1.) Here, as stated, the Lenders were merely lienholders.

The Lender's reliance on two orders by the United States Bankruptcy Court is misplaced for the same reasons. In both cases, the borrowers, as landlords, asserted bankruptcy claims. (*See* NYSCEF 52, Hon. Kevin R Huennekens' Order ¶ 3 [*In re: Guitar Center Holdings, Inc.*]; NYSCEF 53, Hon. Lisa G. Beckerman's Order at 1, ¶¶ 3, 4-5 [*In re: Gulliver's Gate, LLC*].)[7] The orders granted Wilmington Trust, as trustee, for the benefit of 2016-CD2 Trust Certificate Holders', unopposed motions to intervene on the grounds that Wilmington Trust, as trustee, for the benefit of 2016-CD2 Trust Certificate Holders, is entitled to receive any sums that would otherwise be payable in connection with the borrowers' claims. (*See* NYSCEF 52, Hon. Kevin R Huennekens' Order ¶¶ 3, 5 [*In re: Guitar Center Holdings, Inc.*]; NYSCEF 66, Certificate of No Objection [*In re: Guitar Center Holdings, Inc.*]; NYSCEF 53, Hon. Lisa G. Beckerman's Order at 1, ¶¶ 3, 4-5 [*In re: Gulliver's Gate, LLC*].)

The Lenders' lack of standing at the time this action was initiated is incurable. (*See Park Royal I LLC v HSBC Bank USA, N.A.*, 2022 NY Slip Op 33501[U], *3 [Sup Ct, NY County 2022] [stating that "the lack of standing was simply not curable" where

---

[7] In *In re: Gulliver's Gate, LLC*, the bankruptcy claim was field by nonparty Times Square Associates LLC (NYSCEF 53, Hon. Lisa G. Beckerman's Order ¶ 3 [*In re: Gulliver's Gate, LLC*]) who is an "an affiliate and assignee of the Borrowers." (NYSCEF 56, Opp Brief at 13/24.)

154811/2023   WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF THE HOLDERS OF CD 2016-CD2 MORTGAGE TRUST COMMERCIAL MORTGAGE
PASS THROUGH CERTIFICATES, SERIES 2016-CD2 ET AL vs. BOARD OF MANAGERS 229
WEST 43RD STREET CONDOMINIUM
Motion No.  001

Page 12 of 13

12 of 13

"plaintiffs … were asserting claims even though they lack beneficial or legal interest in such claims" and collecting cases].) Accordingly, it is irrelevant that Wilmington Trust, as trustee, for the benefit of 2016-CD2 Trust Certificate Holders, subsequently became the owner "and [now] holds the [retail unit] for the benefit of all [Lenders] pursuant to the Co-Lender Agreement." (NYSCEF 73, Lenders' Suppl Brief at 2/7.)

The court considered the remainder of the parties' arguments on the issue of standing and finds them without merit or not warranting an alternate result. Further, having found that the Lenders lack standing to bring this action, the court declines to consider the parties' remaining arguments.

Accordingly, it is

ORDERED that the motion is granted, and the action is dismissed.

| **4/11/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **ANDREA MASLEY, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

154811/2023 WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF CD 2016-CD2 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2016-CD2 ET AL vs. BOARD OF MANAGERS 229 WEST 43RD STREET CONDOMINIUM
Motion No. 001

Page 13 of 13

13 of 13